## J. R. PEARCE v. THE STATE.

### No. 1116.   Decided October 30th, 1895.

1.   **Selling Liquor Without License—Charge—Assuming a Fact.**

On a trial for selling intoxicating liquor without paying the tax and obtaining a license, where the order of the County Commissioners' Court, in proper form, levying the tax has been introduced in evidence, the court did not err in assuming, in the charge, that the tax had been regularly levied.   The proper construction of the order was a matter for the court, and not the jury.

2.   **License Which Fails to Indicate the House in Which Occupation is to be Carried On.**

Where it appeared that defendant had paid the tax and obtained license to sell intoxicating liquors in the county, but the license did not indicate the house where the business was to be carried on; and the proof was, that defendant had two adjacent houses, a "saloon" and a "grocery store," in both of which he had put up a bar, and sold liquor in both.   Held:   That he could not be convicted under an indictment for selling without license.

3. **Same—Designation of Place of Sale—Selling in House not Indicated in License.**

Under the facts stated in paragraph 2, ante, where it further appeared, that defendant had posted his license in his "saloon," in which he also sold liquor by the drink. Held: That this was tantamount to a designation of the house in which he was licensed to make the sales; and, that as to sales made in his "grocery store," he should have been indicted and prosecuted for the sale of liquors at another place than that designated in the license; and he should be so indicted for every day in which he made such sale.

Appeal from the County Court of Red River. Tried below before Hon. George F. Burnett, County Judge.

This appeal is from a conviction for pursuing the occupation of selling intoxicating liquor without license, the punishment being assessed at a fine of $450.

The case is sufficiently stated in the opinion.

*S. W. Harman, N. R. Larkum* and *E. S. Chambers*, for appellant.— The town of Detroit not having been shown to be a city, the license need not mention the house, street or number of house where the liquors were to be sold. Appellant had a license to sell in Detroit, Texas, and his license was duly posted in his place of business, his saloon, which complied with the law as to the description of the place where the liquors were to be sold.

As the law regulating the sale of intoxicating liquors is now, if a person, who has a license sells in a place not authorized in his license, he is guilty, not of pursuing the occupation without license, but of selling in a place not authorized by his license, and the penalty is from $50 to $100, or imprisonment in the county jail, etc., but the court proceeded with the case as if the law required a license for each and every place where the liquor is sold.

The evidence clearly shows appellant had a liquor license at the time he is charged with selling without license, and we submit that the verdict of the jury is so radically wrong (contrary to the law and the evidence), that the court should have granted the new trial on the first ground set out in the motion for a new trial.

*Mann Trice*, Assistant Attorney-General, for the State.—The proof shows in substance that appellant had a license to engage in the sale of spirituous, vinous and malt liquors in the town of Detroit, Red River County, Texas, for the year 1895; that he was engaged both in the saloon and grocery business; that his saloon and grocery business were conducted in adjoining houses, but that there was no connection or passway from the saloon into the grocery house, except to walk outside and go down a gallery to a door. The proof further shows, that in addition to selling whiskey, malt liquors, etc., in the saloon, appellant also sold whiskey in the front end of his grocery store, and that he kept a stock of whiskies in the grocery store. There was a small bar, together with glasses and fixtures, in the front end of the grocery store, at which he

frequently sold whiskey to customers who did not care to go into the saloon.

Appellant contends that his license for the sale of liquors in Detroit covers the sales made in both houses or places, and that if he has committed any offense it is that of selling at a place other than the one designated in the license.

As the proof tends to show that the sales made by appellant, and under his direction, were made at two separate and distinct places, and at different houses, at the same time, we do not think this contention can be sustained. Section 3, of the Acts of 1893, page 178, provides that the license shall designate the place at which it is proposed to carry on the sale of liquors. Section 5 (Id.) provides, "the particular place and house in which the liquors are to be sold shall be designated in the license, and no license shall authorize any person to sell............at any other place or house than that designated in the license." Section 6 (Id.), provides that any person who shall sell in any other place than that designated by the license, or shall sell otherwise than authorized by license, shall be deemed guilty of a misdemeanor, and punished by fine in any sum from fifty to one hundred dollars.

The proof shows that appellant had his license posted in his saloon. The last clause of Section 3, *supra*, provides, "That all licenses under the provisions of this act shall be posted by the licensee in a conspicuous place in his or their place of business, and on failure to so post such licenses, he or they so failing shall be considered as having no license."

We, therefore, conclude that the prosecution for failure to pay the tax, as applied to sales made in the grocery store, was proper. It is evident that the penalty affixed for a sale in any other place than that designated by the license refers to and means where the licensee has removed his place of business from that originally designated in the license to some other place, and does not apply to a case where sales are made at two separate and distinct places at one and the same time. This is obvious from the proviso in Section 5, which provides, "If any person or association of persons having a license to sell such liquors desire to change his or their place of business, such change may be made by presenting the license to the clerk of the county and *having the new place of business inserted therein.*

HENDERSON, JUDGE.—Appellant in this case was tried in the County Court of Red River County, under an indictment charging him with selling intoxicating liquors in quantities of one gallon or less, without first having procured a license therefor. He was convicted, and fined the sum of $450, and from the judgment of the lower court he prosecutes this appeal. Appellant contends that the court should have given his special charge asked on the question of venue. As we read the record, we do not see that any issue was raised by the testimony as to the pursuit of the occupation of a liquor dealer in Red River County. The appellant himself testifies to the fact, and the charge asked was

unnecessary. Nor was it necessary that the record from the County Court should have shown that all of the members of said court were present when the order levying the county tax was passed. The order shows that the same was done by the court, and it will be presumed that the action of the court was regular. We think that the court rightly assumed in his charge that the County Commissioners' Court had levied a tax of $150 for the county on the occupation of liquor dealer. The order of the County Commissioners' Court was before the court and was regular. No objection was made to the same, and it showed the levy of the tax; and, in our opinion, the proper construction of this order was a matter for the court, and not for the jury. The most serious question presented in the consideration of this case is whether or not, under the facts proved, appellant was properly indicted for pursuing an occupation without having paid the tax therefor. Appellant contends that he had paid the license occupation tax for selling intoxicating liquors in quantities of a gallon and less than a gallon in Red River County, Tex., and that he should not have been indicted for selling liquor without a license, but, if an indictment would lie under the proof in the case against him for any offense, it would be for selling intoxicating liquors at another place than that designated in the license. The proof in this case shows that the appellant paid the State and county tax on the occupation of selling intoxicating liquors in quantities of one gallon and less than one gallon in Red River County, and that he did pursue said occupation at the town of Detroit, in said county, and had his license posted up. It will be observed, however, that the license did not, as is required by law, indicate any particular house in which said liquors should be sold. The proof further tended to show that appellant owned two houses in said town of Detroit, that were situated adjacent to each other. One of these was designated as "his saloon," and the other was designated as "his grocery store." The proof also tended to show that he had a bar in each of these houses, and sold intoxicating liquors in each. While it is true, as above stated, the license itself did not designate the house where the liquors were to be sold, yet, by establishing his bar in the saloon house, calling it "saloon," selling liquor there by the drink, and posting his license in said house, the appellant as effectually designated the house in which he was to pursue said occupation as if it had been named in the license; and we believe, if he was prosecuted for selling liquor without a license in said house, that it would be a sufficient answer on his part that he had paid a license tax, and that he had so designated his place of business, but it would constitute no defense to him for selling liquors in another house. If, however, he sold intoxicating liquors in another house or place than that designated, of what offense would he be guilty? It is true, he would be selling liquor in such other place without having a specific license for the sale of such liquors; yet he did have a license for the sale of liquor in Red River County and in the town of Detroit. In such a state of case, it seems to us that his act in selling in such other place than that designated

would come under the provision of the law with reference to the sale of intoxicating liquors at another place than that designated in the license. In such a case the punishment for said offense is different from that provided for the sale of intoxicating liquors without a license. Instead of the punishment being for the amount of the tax, or double that amount, it is by fine of not less than $50 nor more than $100, or imprisonment in the county jail from ten to thirty days, and each day of such sale in such other place is made a distinct and separate offense; and, in our opinion, the appellant in this case should have been indicted and prosecuted for the sale of liquors at another place than that designated in the license, and he should be so indicted for every day in which he made such sale. Because the proof in this case does not respond to the charge in the indictment, the judgment of the lower court is reversed, and the case is remanded.

*Reversed and Remanded.*