GRANDESON NELSON v. THE STATE.

*No. 814.   Decided November 13th, 1895.*

1. **Charge of the Court—Assumption of Facts In—Weight of Evidence.**

On a criminal trial where the facts are admitted to be true, or are placed beyond any doubt without contest, the court, in its charge may so assume without infringing the rule inhibiting a charge upon the weight of evidence.

2. **Theft of Money—Value—Charge as to.**

On a trial for theft of money, where the various sums of money are all in one envelope, there being one $20 gold piece, one 50 cents silver piece and one 25 cents silver piece. Held: That the coin taken, as matter of law, was worth more than $20, because such value is so fixed by act of Congress; and where, in addition, there was taken at the same time two $10 bills, one $5 bill and one $2 bill lawful current money of the United States, besides a draft for $503.05. Held: Further that the court did not assume the value nor charge upon the weight of evidence in instructing the jury that, if they believed the defendant fraudulently took the property described in the indictment, they would find him guilty of theft of personal property over the value of $20.

APPEAL from the District Court of Cameron.   Tried below before Hon. W. G. TALIAFERRO.

This appeal is from a conviction for theft of personal property over the value of $20, the punishment assessed being five years' imprisonment in the penitentiary.

The money stolen was taken from the safe of Charles Hanson, agent of the I. & G. N. R. R. at Milano, Texas.   It was his receipts for the week, which he had sealed up in an envelope, stitched it up with needle and thread, and placed it in a safe in his office.   Defendant was familiar with the premises, he having been employed by Hanson at times to clean up the office.   A search warrant was procured, and the house and premises of defendant's mother were searched, and under a corn-crib, the officer found a $20 gold piece and a $10 gold piece wrapped up in a newspaper.   It was also proved that defendant had paid and spent money and had changed a $10 bill just after the theft.

It was objected to the charge of the court that it assumed the value of the money and was upon the weight of evidence.   The portion objected to is set out in the opinion.

*W. M. McGregor*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of felonious theft, and given five years in the penitentiary.   The court charged the jury: "If, from the evidence, you are satisfied beyond a reasonable doubt that defendant   *   *   *   fraudulently took from the possession of' Charles Hanson the property described in the indictment,   *   *   *   then you will find the defendant guilty of theft of personal property of the value of twenty dollars or over, and so say by your verdict.   *   *   *" It is contended that this charge is upon the weight of the evidence; that the court assumed the value of the stolen property to have been conclu-

sively proved, and did not leave the determination of this issue to the jury. This position is not tenable. All the stolen property was inclosed in a sealed envelope, and consisted in part of one $20 gold piece, one 50-cent silver piece, one 25-cent silver piece, United States coin, two $10 bills, one $5 bill, and one $2 bill, "lawful current money of the United States." Proof of the taking of this amount of money was necessarily theft of property of more than $20 in value. As matter of law, the coin taken was worth more than $20, because such value is so fixed by act of Congress. Menear v. State, 30 Tex. Crim. App., 475. A draft for $503.05 was also stolen. Again, there was no issue or contest as to the value of the property taken, and this was shown to be about $550. There was no question of this fact. When the facts are admitted to be true, or are placed beyond any doubt without contest, we can see no reason why the court may not so assume, without infringing the rule inhibiting a charge upon the weight of the evidence. But this would not be so if there was an issue as to any such fact, and the court must then refrain from the assumption. To illustrate, on a trial for homicide, where it is proved by both sides, or it is not controverted, that deceased was killed, but the issue is as to the degree of culpability or identity of the slayer, it would not constitute a charge on the weight of the evidence for the court to assume the death of the deceased; but it would be if the court assumed the identity of the accused, or any degree of his culpability, as the issue might be, the plea on the trial being not guilty. The charge as given is not upon the weight of the evidence, under the facts of this case. Elizando v. State, 31 Tex. Crim. Rep., 237. We find no error in the record, and the judgment is affirmed.

*Affirmed.*