## SAM BRADSHAW v. THE STATE.

### No. 2595.   Decided October 29, 1902.

**1.—Evidence—Remarks by the Judge as to.**

Where it was objected to the testimony of the statements of prosecutor that they were hearsay and not res gestae, and the judge remarked that while they probably were not admissible as res gestae, still they might be admissible as corroborating evidence; Held, the remarks were unauthorized and calculated to injure defendant, as said testimony corroborated the testimony of defendant in an important particular.

**2.—Same.**

There is no rule of law which authorizes the admission of testimony simply because it is corroborative of other testimony.

**3.—Impeachment of Witness by One Witness.**

While one witness is not sufficient to impeach another, as it is simply oath against oath, still the testimony of a single witness may be introduced on the question, leaving the matter of credibility, along with other testimony in the case, to be determined by the jury.

**4.—Charge of Court—Assumption of Facts in.**

Want of consent, and the ownership of property taken in a prosecution for robbery, can not be assumed as proved, in the charge of the court, where there might be any possible controversy as to the facts.

**5.—Same—Robbery—Alibi.**

On a trial for robbery, it was error for the court to assume the commission of the robbery by some one, and then charge on alibi.

Appeal from the District Court of Ellis.   Tried below before Hon. J. E. Dillard.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with robbing Will Chapman, by using and exhibiting a pistol, on the 8th day of December, 1900, and taking from said Chapman one ten-dollar bill, and $9 in silver.

Larry Mills was indicted in a separate indictment for the same robbery.   Chapman, the prosecutor, testified that they both acted together in robbing him.

No additional statement required to illustrate the points decided.

No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery with firearms, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Bills of exception numbers 1 and 2 object of the testimony of Tom Dixon as to what appellant may have told him concerning the robbery a short time thereafter.   Bill number 1 shows that prosecutor, Will Chapman, testified that he was robbed on Saturday night by Sam Bradshaw and Larry Mills.   He went from the place of the robbery in a trot to Negro Town, and found Tom Dixon, and took him and showed him which way they went.   In going from where he was robbed to

where he found Dixon, he met a negro, and inquired where he could find Dixon; "don't know how far it was" from where he was robbed to where he found Dixon, but guessed it was a mile. The State first introduced Will Chapman, who testified, and then introduced Tom Dixon, who stated, in effect, that appellant found him on the night of the alleged robbery at a negro dance; that when he went to where prosecutor was, he was crying; he then went with him about 400 yards, and showed the officer where he was robbed, and which way the parties went. "He told me at the dancehouse that he had been robbed." Which testimony of the witness Dixon that Chapman told him at the dancehouse that he had been robbed was objected to by the appellant on the ground that it was not res gestæ, but was hearsay, whereupon the judge remarked, in the presence and hearing of the jury, that probably the evidence was not admissible under rule of res gestæ, but might be admissible as corroborating evidence. Appellant objected both to the testimony and the remarks of the judge. If it be conceded that under some of the authorities the testimony as to what prosecutor told Tom Dixon might be considered res gestæ, yet we do not believe the remark of the judge as to the reason of its admissibility was authorized. Certainly there is no rule of law which authorizes the admission of testimony simply because it is corroborative of other testimony. The remark of the judge not being justified, we can not say that it was not calculated to injure appellant's rights before the jury, inasmuch as they were thus informed that, in the opinion of the judge, this testimony corroborated and reinforced the testimony of the prosecutor in an important particular. Stayton v. State, 32 Texas Crim. Rep., 33; Chalk v. State, 35 Texas Crim. Rep., 116; Price v. State, 35 Texas Crim. Rep., 501; Kirk v. State, 35 Texas Crim. Rep., 224.

Appellant proposed to impeach the witness George Coleman for truth and veracity by Robert Winbish. In laying the predicate for such impeachment, the witness stated that he could not say that he knew Coleman's general reputation for truth in the community in which he lived, but that he thought he knew it. The Assistant Attorney-General contends that this predicate was not sufficient; that the witness disclosed the fact that he was not certain that he was acquainted with the reputation of said Coleman, and that consequently he could not prove by the witness such reputation; and, furthermore, that appellant only offered the one witness upon this issue, and it was not competent to impeach a witness by the testimony of a single witness. We know of no case in which the exact question here presented is decided. Of course, the authorities hold that the witness must know the general reputation as to the particular characteristic before he is authorized to speak as to that matter. Holbert v. State, 9 Texas Crim. App., 219, 35 Am. Rep., 738. We take it that on another trial of this case the witness may be further examined in order to ascertain definitely whether or not he has sufficient knowledge to speak as to the reputation of the witness proposed to be impeached. In Rider v. State, 26 Texas Crim. App.,

334, it appears to be held that one witness is not sufficient to impeach another witness, as it is simply oath against oath. We do not, however, understand the authorities to hold that one witness can not be introduced on this question, leaving the matter of credibility, along with the other testimony in the case, to be determined by the jury. Butler v. State, 3 Texas Crim. App., 48.

Appellant excepted to the charge of the court on various grounds— among other things, that the charge did not submit to the jury, in its application of the law to the facts, the question of ownership and want of consent of Will Chapman to the taking of the property. An inspection of the charge supports this contention. While there are some cases which hold that where some fact is not controverted, but admitted, the court may in the charge assume the fact to be so, yet these are special instances, in which there was clearly no controversy as to the fact assumed; the proof being all one way on the question, or the fact distinctly admitted. Ordinarily the plea of not guilty brings in issue every inculpatory fact, and the court should be careful not to assume against appellant any fact about which there might be any possible controversy. We believe the court's charge in this respect is subject to the criticism of appellant. The same observations made above are also applicable to the court's charge on alibi. An inspection of that shows the court assumed the commission of the robbery by some one, and then proceeds to charge on alibi.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*