## E. R. WYATT v. THE STATE.

No. 21178.   Delivered October 30, 1940.
Rehearing Denied January 8, 1941.

The opinion states the case.

*M. M. Crane, Jr.,* of Dallas, *J. R. Bogard,* of San Augustine, and *Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary of a private residence at

night. The penalty assessed is confinement in the state penitentiary for a term of fifty years.

The evidence adduced upon the trial is not brought up for review. In the absence of a statement of facts, the bills of exception found in the record cannot be properly appraised by this court. See Jackson v. State, 127 Texas Cr. R. 329, and authorities there cited.

No error having been presented by the record before us, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in this cause and by brief and argument insists that this Court should consider his objections and exceptions to the court's charge.

It is first presented that these may be considered even in the absence of statement of facts and, specifically in the first paragraph of said motion, it is alleged that the ninth paragraph of the court's charge is on the weight of the evidence, as is shown by the charge itself independent of statement of facts. If a fact is admitted to be true by both sides, a charge on the weight of such admitted evidence would be harmless error. Whether or not that is true in this case depends upon the statement of facts itself.

Appellant has not seen fit to have prepared and presented to this Court a statement of facts in this case and it will be presumed that there is found therein that which warrants the court's charge. Similar reasoning may be indulged in each and every paragraph of the motion that is now before us.

We find in the record an amended motion for new trial setting up fifty two grounds. Many of these have no merit under any state of facts, and the rest are dependent upon the facts of the case, without which they cannot be considered.

We adhere to the original holding and overrule the motion for rehearing.