James MARLOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 50599.

Court of Criminal Appeals of Texas.

May 19, 1976.

Roland H. Hill, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., Donald S. Gandy and Joe Shannon, Jr., Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction under our former Penal Code for exhibiting obscene material. Punishment was assessed at confinement for ninety days and a fine of one thousand dollars.

First, appellant contends that portions of the court's charge at the guilt or innocence stage of the trial constitute impermissible comments upon the weight of the evidence, Art. 38.05, V.A.C.C.P. The court charged the jury:

"NOW THEREFORE, if you find and believe from the evidence beyond a reasonable doubt that the motion picture film depicting various acts of oral sodomy and sexual intercourse between three white females and two white males, which has been introduced in evidence before you, to be obscene, as that term is herein defined, you will so state in the verdict form provided below. Unless you do so find beyond a reasonable doubt, then you will find the film depicting various acts of oral sodomy and sexual intercourse between three white females and two white males not to be obscene, and so indicate in the verdict form provided below.

"* * *

"NOW THEREFORE, if you find and believe from the evidence beyond a reasonable doubt that Charles Eugene Armstrong did on or about August 8th, 1973, knowingly exhibit to J. E. Little obscene matter, namely, one motion picture depicting various acts of oral sodomy and sexual intercourse between three white females and two white males, and you further find and believe from the evidence beyond a reasonable doubt that the defendant, JAMES MARLOW, did engage in procuring aid or means of any kind to assist the exhibition, if any, while

the said Charles Eugene Armstrong was engaged in the exhibition, if he was, then, in that event, the said JAMES MARLOW would be guilty as a principal and you will so say by your verdict."

Appellant objected to these portions of the charge in a timely manner. His complaint is that the charge assumes as true that the film depicted acts of oral sodomy and sexual intercourse and thereby invaded the province of the jury as the finder of fact.

It is undisputable that the charge assumed the matters stated and that the matters stated were adverse to appellant's interest. The issue is whether the trial court erred in assuming such matters.

The authorities are in conflict upon this point. On the one hand, this Court has said:

"It has been quite uniformly held that it is improper for a judge, in charging the jury in a criminal case, to assume that any fact has been proved against the defendant, *however strong the evidence may be.*"

*Kellogg v. State,* 58 Tex.Cr.R. 84, 124 S.W. 958, 959 (emphasis added.) Accord, *Richardson v. State,* Tex.Cr.App., 390 S.W.2d 773; *Supina v. State,* 115 Tex.Cr.R. 56, 27 S.W.2d 198; *Jones v. State,* 22 Tex.App. 680, 3 S.W. 478; *Jernigan v. State,* 10 Tex. App. 546; *Webb v. State,* 8 Tex.App. 115; *Baker v. State,* 6 Tex.App. 344. See also *Hawley v. State,* 158 Tex.Cr.R. 61, 252 S.W.2d 933; *Stanley v. State,* 142 Tex.Cr.R. 495, 154 S.W.2d 856, 859 (on motion for rehearing); *Hughes v. State,* 99 Tex.Cr.R. 244, 268 S.W. 960, 961 (on motion for rehearing); *Cannon v. State,* 84 Tex.Cr.R. 504, 208 S.W. 339; *Young v. State,* 68 Tex. Cr.R. 580, 151 S.W. 1046.

Under this statement of the rule, there appear to be only two exceptions. If the fact is one that the court may judicially notice or if the accused makes a judicial admission of the fact, it is not error if the trial court assumes the fact to be true in its charge. *Findley v. State,* Tex.Cr.App., 378 S.W.2d 850; see also *Wyatt v. State,* 140

Tex.Cr.R. 578, 146 S.W.2d 187; *Burk v. State,* 50 Tex.Cr.R. 185, 95 S.W. 1064; *Jackson v. State,* 25 Tex.App. 314, 7 S.W. 872.

On the other hand, as this Court has stated:

> "[I]t has been held that where the facts are admitted to be true, *or are shown beyond any doubt without contest,* the court in its charge may so assume without infringing the rule inhibiting a charge upon the weight of evidence and . . . where there is no conflict in the testimony and no room to doubt or hesitate as to a matter of fact in issue the charge ought not to assume that it is or may be doubtful. (*Elizando v. State,* 31 Tex.Cr.R. 237, 20 S.W. 560; *Jackson v. State,* 25 Tex.App. 314, 7 S.W. 872; *Fahey v. State,* 27 Tex.App. 146, 11 S.W. 108, 11 Am.St.Rep. 182; *Nelson v. State,* 35 Tex. Cr.R. 205, 32 S.W. 900; *Holliday v. State,* 35 Tex.Cr.R. 133, 32 S.W. 538; *Pearce v. State,* 35 Tex.Cr.R. 150, 32 S.W. 697; *Tracy v. State,* 44 Tex. 9)."

*Schwartz v. State,* 53 Tex.C.R. 449, 111 S.W. 399, 400 (emphasis added.)

It is apparent that the latter statement of the rule will more often authorize the trial court to assume adverse facts to be true in its charge, although it has frequently been stated, as in *Schwartz v. State,* supra, that "This doctrine should rarely be applied . . . ."

Reconciliation of these divergent authorities has sometimes been attempted, as in *Bradshaw v. State,* Tex.Cr.App., 70 S.W. 215, 216:

> "While there are some cases which hold that where some fact is not controverted, but admitted, the court may in the charge assume the fact to be so, yet these are special instances, in which there was clearly no controversy as to the fact assumed; the proof being all one way on the question, or the fact distinctly admitted. Ordinarily the plea of not guilty brings in issue every inculpatory fact, and the court should be careful not to assume against appellant any fact about which there might be any possible controversy."

Similar language and an illustrative example appear in *Nelson v. State,* 35 Tex. Cr.R. 205, 32 S.W. 900, 901:

> "When the facts are admitted to be true, or are placed beyond any doubt without contest, we can see no reason why the court may not so assume, without infringing the rule inhibiting a charge upon the weight of the evidence. But this would not be so if there was an issue as to any such fact, and the court must then refrain from the assumption. To illustrate, on a trial for homicide, where it is proved by both sides, or it is not controverted, that deceased was killed, but the issue is as to the degree of culpability or identity of the slayer, it would not constitute a charge on the weight of the evidence for the court to assume the death of the deceased; but it would be if the court assumed the identity of the accused, or any degree of his culpability, as the issue might be, the plea on the trial being not guilty."

■ The inherent danger is clear where the trial court assumes in its charge facts damaging to a defendant to be true merely because the same were not "controverted," not "placed in issue," or not "contested." It is the right of all defendants to put the State to its proof. The burden of proof rests with the State and the failure of an accused to present evidence in his own behalf cannot alone authorize the trial court to charge the jury in such a manner that every fact upon which the proof was all one way is assumed to be true. Such a result comes perilously close to authorizing a directed verdict of guilty for the State.

Therefore, we reject the State's contention that solely because appellant in the instant case at trial did not offer evidence disputing that the film depicted oral sodomy and sexual intercourse, the trial court properly assumed those facts to be true.

■ We are of the opinion that only rarely should the trial court assume in its charge any fact to be true that is damaging to the defendant, but that under very limited circumstances the same is proper. We have already mentioned the well-estab-

lished exceptions: where the fact is one that the trial court may judicially notice, or where the defendant judicially admits that the fact is true. Neither exception applies to the instant case.

■ We believe that the trial court should never assume as true a fact based wholly upon the State's testimonial, as opposed to physical, evidence. The jury is always entitled to doubt the credibility of any witness, and there are both statutory and constitutional inhibitions against any instruction of the trial court that tends to invade that province of the jury.

■ This danger does not exist with respect to *certain* uses of physical or tangible evidence. We are referring to the use of such evidence to prove some physical characteristic of the evidence about which there is absolutely no room for doubt or hesitancy as to the validity of perception of that characteristic or as to the truth of the fact of the perceived characteristic, *and* regarding which perception or fact there is no contradictory evidence from any source. We therefore hold that under the conditions just stated the trial court may assume as fact a physical characteristic of tangible or physical evidence that can be sensorially perceived by the jury, the trial court, and, if necessary, this Court on appeal.

Two decisions of this Court, properly reasoned and decided, may illustrate. In *Nelson v. State*, 35 Tex.Cr.R. 205, 32 S.W. 900, the offense was theft over twenty dollars. The trial court failed to charge the jury upon value of the property alleged to have been stolen. The property consisted, however, of a twenty dollar gold piece, a fifty-cent piece, two ten dollar bills, and other items, all of which were admitted into evidence. It was held that the trial court did not err in assuming, in effect, that the value of these items was more than twenty dollars.

In *Schwartz v. State*, 53 Tex.Cr.R. 449, 111 S.W. 399, the offense was theft over fifty dollars; the property allegedly stolen was an iron safe containing forty-one dollars in money. Although there was apparently uncontroverted testimony by State's witnesses that the safe was worth more than nine dollars, the court stated:

"Values are always largely a matter of opinion, and a statement of value is not to be received always as conclusive, or necessarily to be accepted by the jury, and this without reference to the jury's belief in the honesty and fairness of the witness . . . [N]or do we believe that in respect to a matter of value concerning an article such as a secondhand safe, the mere expression of opinion by one or two witnesses ought to be held to so conclusively establish the fact as that a judge is authorized to assume the value so incontestably proven as to take this matter from the jury."

*Schwartz v. State*, supra, 111 S.W. at 400.

In the instant case, the fact assumed to be true in the court's charge concerned a physical characteristic of a tangible object that was introduced into evidence, to-wit: that a film depicted acts of sexual intercourse and oral sodomy between three white females and two white males.

■ The jury, the trial judge, and members of this Court have viewed the film. No rational person could deny that the film does in fact depict the matters stated; there is absolutely no room for doubt or hesitancy insofar as that conclusion is concerned and the record reflects no contradictory evidence at trial from any source. Therefore, the trial court did not err in overruling appellant's objections to the charge.

■ Next, appellant contends the trial court erred in overruling his motion for mistrial after the prosecutor asked him upon cross-examination at the punishment stage of the trial whether he had ever had his bail forfeited. The objection to the question was sustained before appellant answered, and the jury was instructed to disregard the question; therefore, no reversible error is shown.

Finally, appellant complains of two exhibits introduced by the State during the punishment stage of trial. The exhibits

were two photographs depicting the interior of appellant's business premises, taken after his arrest but before trial. See *Edmond v. State*, 169 Tex.Cr.R. 637, 336 S.W.2d 946. Like the film that was the basis of the prosecution, the photographs depicted magazine covers and posters showing various acts of sexual intercourse and oral sodomy.

 The record reflects, that, prior to the introduction of the photographs, appellant testified at length and in detail as to the continuing nature of his business before any objection was interposed. His verbal description of the premises and the nature of the business conducted therein were generally corroborated and made more complete by the photographs. After the former had been admitted without objection, it was within the discretion of the trial court to admit the latter. Moreover, the still photographs were certainly no more prejudicial than the film that the jury had already viewed. No abuse of discretion has been shown.

The judgment is affirmed.