**John L. STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–279 CR.**

Court of Appeals of Texas,
Beaumont.

June 18, 1986.

Harold Denton, Jr., Conroe, for appellant.

David Bluestein, Asst. Co. Atty., Conroe, for appellee.

OPINION

BURGESS, Justice.

John L. Stephens was ticketed in Montgomery County, Texas, for operating a commercial vehicle in excess of the weight limits.  The complaint filed in Justice Court states, in pertinent part:

"... John L. Stephens on (or about) the 29 day of May, A.D. 1985, and before

the making and filing of this complaint, in Justice of Peace Precinct No. 2 of Montgomery County State of Texas did then and there unlawfully and wilfully without any permit granted by any authority authorized to grant such permit and not otherwise authorized by law, operate a commercial motor vehicle, upon a public highway outside the city limits of any incorporated city and town within said county and a tandem axle group on said vehicle and combination of vehicles did then and there carry a load in excess of thirty-four thousand (34,000) pounds...."

Mr. Stephens entered a plea of "nolo contendere" in the justice court and then appealed his justice court conviction. At the trial in County Court at Law No. 1, the state produced two Department of Public Safety officers who testified that Mr. Stephens was apprehended on Interstate Highway 45 in Justice Precinct 2 of Montgomery County, Texas. They further testified that Interstate Highway 45 was an interstate and defense highway in the State of Texas. They then testified that the legal load limit on such a highway, for tandem axle weight, was 34,000 pounds. When apprehended, Mr. Stephens was operating a truck hauling ready-mixed concrete that had a tandem axle weight, according to the officers, of 41,800 pounds.

During cross-examination of both officers, defense counsel attempted to have introduced into evidence a copy of a surety bond secured under *TEX.REV.CIV.STAT. ANN. art. 6701d–12, sec. 1* (Vernon Supp. 1986), which authorized the vehicle to carry a tandem axle load up to 44,000 pounds. The state objected to the introduction of the bond on the ground of relevancy. Their argument was based upon *TEX.REV. CIV.STAT.ANN. art. 6701d–12, sec. 4* (Vernon Supp.1986), which states that the weight limits on the interstate and defense highway systems are to be controlled by 23 U.S.C. sec. 127 (1976). The court sustained the state's objection and refused to admit the surety bond before the jury. The defense offered no evidence. The jury found Mr. Stephens guilty and assessed a fine of $150.00. He appeals, bringing forth three grounds of error.

■ The first ground of error alleges the trial court erred in excluding the surety bond. *TEX.REV.CIV.STAT.ANN. art. 6701d–11, sec. 5(a)(1)* (Vernon Supp.1986), establishes the general prohibition against operating a commercial vehicle with a tandem axle weight in excess of 34,000 pounds. Article 6701d–12 then allows exceptions for vehicles transporting ready-mixed concrete. As previously noted, section 4 excludes interstate and defense highways from the exception. The surety bond was only relevant if article 6701d–12 applied. Whether or not Interstate 45 is a part of the interstate and defense highway system is a matter of law, not of fact. Thus, at the point it was sought to be introduced, it was not relevant. Ground of error number one is overruled.

■ Ground of error number two alleges the trial court committed reversible error by assuming the existence of a contested fact, to wit, that at the time of the alleged offense the vehicle was being operated by appellant was (sic) on the national system of interstate and defense highways. Ground of error number three alleges the trial court committed reversible error in its charge to the jury, over proper objection, by assuming the existence of a contested fact, to wit, that the vehicle in question was using the national system of interstate and defense highways. We will address these grounds together.

Appellant is correct in stating that *Marlow v. State*, 537 S.W.2d 8 (Tex.Crim.App. 1976), stands for the proposition that the failure of an accused to present evidence does not authorize the trial court to charge the jury in such a manner that every fact upon which the proof was all one way is assumed to be true. *Marlow* went on to state, however, that the trial court may assume those facts that the court may judicially notice.

The pertinent portion of the court's charge follows:

## II.

"No person may operate a commercial motor vehicle, over, on or upon the public highways outside the limits of an incorporated city or town, having a tandem axle weight in excess of thirty-four thousand (34,000) pounds, including enforcement tolerances when said vehicle is using the National System of Interstate and Defense Highways.

## III.

Now if you find from the evidence beyond a reasonable doubt that on or about the 29th day of May, 1985, in Montgomery County, Texas, Justice of the Peace, Precinct No. 2, the defendant John L. Stephens did without any permit granted by any authority authorized to grant such permit and not otherwise authorized by law, unlawfully and willfully operate a commercial motor vehicle, upon a public highway outside the city limits of any incorporated city and town within said county, with a tandem axle group load in excess of thirty-four thousand (34,000) pounds, then you will find the defendant guilty of a misdemeanor as charged in the complaint, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

The first section is a statement of the applicable law. As previously stated, the court could take judicial notice that Interstate 45 was a part of the national interstate and defense system and the legal weight limit was 34,000 pounds. We find no error in the instruction. The next section is the "charging" paragraph. The court followed the complaint and thus required the jury to find every element alleged by the state. Further, there was no objection to this portion of the charge. The objected to portion of the charge presents no reversible error nor does any other portion present "egregious" error. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.

1984). We overrule both grounds of error. The judgment of the trial is affirmed.

AFFIRMED.