Bernardino **MERCADO** aka "Nino", Appellant,

v.

The **STATE** of Texas, Appellee.

No. 719–85.

Court of Criminal Appeals of Texas, En Banc.

Oct. 22, 1986.

---

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., & Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of attempted murder and sentenced by the trial court to five years' confinement in the Texas Department of Corrections. Appellant appealed his conviction to the Thirteenth Court of Appeals, which affirmed in a published opinion. *Mercado v. State*, 695 S.W.2d 25 (Tex.App.—Corpus Christi 1985).

We granted appellant's petition for discretionary review to consider two grounds for review. In his first ground, appellant contends that the Court of Appeals erred by overruling his claim that the trial court committed reversible error by instructing the jury that:

"In passing upon the intent of the defendant, if any [sic], you should look to the character of the weapon used. If the weapon was a deadly weapon, you may infer, from the use of such weapon, an intent to kill. A firearm is a deadly weapon. A gun or pistol used as a firearm is a deadly weapon per se."

Appellant did not object to the court's charge at the time of trial, but on appeal he argued that, inter alia, it was an improper comment on the weight of the evidence. The Court of Appeals held that the instruction was erroneous, but after applying the "egregious harm" standard of *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985), the court concluded that it was not such egregious error as to deprive appellant of a fair and impartial trial. The primary reason for the court's holding that there was no egregious harm was its conclusion that appellant did not contest the issue of intent to kill. *Mercado,* supra, at 27.

▋ The State concedes that the instruction was an improper comment on the weight of the evidence. We agree. In *Browning v. State,* 720 S.W.2d 504 (Tex.Cr. App.1986), we held that the court's charge therein was an improper comment on the weight of the evidence. The trial court had instructed the jury that: "Our law provides that the act of breaking and entering at nighttime raises a presumption that the act was done with the intent to commit theft. Such presumption is rebuttable." Although several differences exist between that instruction and the one in the instant cause, we believe that the charge here suffers the same defect. By singling out one reasonable inference, the trial court erred by improperly commenting on the weight of the evidence.

▋ Finding error in the court's charge begins the inquiry; the degree of harm must be determined. Appellant contends that the Court of Appeals incorrectly determined the degree of actual harm. *Almanza,* supra, instructed that harm must be assayed in light of the entire jury charge, the state of the evidence including the contested issues and weight of probative evidence, the argument of counsel, and any

other relevant information revealed in the record. *Id.* at 171.

Except for three matters addressed below, appellant states that the Court of Appeals adequately set forth the applicable facts. We will, therefore, quote from its opinion.

"The evidence presented showed that on November 2, 1983, Valentin Sanchez punched an intoxicated driver in the face outside of the Las Vegas Bar around 5:30 p.m. Sanchez testified that appellant was the person he hit that afternoon. According to Sanchez, appellant said at that time that he was the brother of 'La Changa' and that he would come back to the bar in one hour and kill Sanchez and his family. About an hour after the initial altercation at the bar, appellant, several other adults, and some children returned to the bar in a Buick. As the car pulled up to the bar, three of the adults began shooting firearms at Sanchez. Sanchez was shot in his upper arm, about six inches from his heart.

\* \* \* \* \* \*

Other witnesses called by the State included a barmaid from the Las Vegas Bar whose fingers were apparently shot off during this incident, a police detective who described the scene shortly after the shooting and presented physical evidence recovered at the scene, ... the hospital records custodian who introduced the victim's emergency room and medical records and who also testified that appellant would have killed the victim had it been six inches closer to the center of his body,....

While the record is not specific in reflecting the identity of appellant, those who testified as to the identity of the assailants all made their description consistent with his identity and constituted sufficient evidence, along with Valentin Sanchez' positive identification, to justify the jury in finding appellant to be the party who shot the victim.

Appellant testified in his own defense. He stated that, on the day of the shooting, he had gone to the 30–30 Bar in Mission where he met someone who told

him that there might be a construction job at the Las Vegas Bar. This person, whom appellant had never seen before, was described as a 'tall, slender, white skinned guy'. This person drove appellant over to the Las Vegas Bar where the other person became involved in an altercation with Valentin Sanchez. The appellant and the other man then left the bar, but the other man told appellant that he was going to go back to the Las Vegas Bar and take care of business. *Appellant testified that he did not want to become involved in any trouble, so he went to visit his aunt.*

On cross-examination, appellant testified that this other man was much taller and much skinnier than he. Appellant also testified that 'La Changa' was one of his (appellant's) brothers—although he also testified that the person he had never seen before said, 'I am the brother of "La Changa".' *Appellant denied being at the bar when Sanchez was shot.* (Emphasis added.)

Two other witnesses testified in behalf of appellant. They stated that appellant was at his aunt's house watching television when the shooting occurred."

In his first of three attacks on the Court of Appeals' assessment of harm, appellant asserts that the court failed to consider the entire jury charge. Appellant is correct that the court's opinion does not specifically discuss the court's charge as a whole. However, appellant fails to tell us how the degree of harm should be assayed in light of the entire charge. Appellant's only reference to the charge is his statement that it included an instruction that intent to kill is an essential element of the charged offense. Appellant does not explain how that adds anything to the analysis. Having examined the entire charge, we believe that in this case a consideration of the remainder of the court's charge does not advance the assessment of actual harm.

In his second attack, appellant claims that the court misstated the evidence. He specifically identifies three alleged errors: the court failed to note that the victim was also intoxicated; no one testified that appellant would have killed the victim; the victim did not positively identify appellant as the person who shot him.

Assuming that appellant's first two allegations are true, we do not believe that they had any bearing on the Court of Appeals' significant conclusion that the issue of intent to kill was uncontested. Appellant apparently concedes this by failing to make any argument that the first two errors did have any bearing. However, appellant does argue that the third error was critically important to the court's conclusion. He argues that the finding by the Court of Appeals that the victim identified him as the assailant placed the case outside the realm of circumstantial evidence. That is important, appellant argues, because all issues are considered contested in circumstantial evidence cases. As authority he cites a footnote in *Morgan v. State,* 692 S.W.2d 877 (Tex.Cr.App.1985).

Appellant fails to see the second paragraph of footnote two. In that paragraph this Court criticized the principle upon which appellant relies. *Morgan,* supra, at 879–880. Thus, even if appellant's version of the facts were correct, it would not affect a proper analysis. (In any event, we do not believe that this case consisted of purely circumstantial evidence. The victim *did* identify appellant as the person who shot him.)

Appellant cannot cite any evidence that shows he contested the issue of intent to kill. Thus, in his third attack on the Court of Appeals' assessment of harm, he points to the State's jury argument where "the prosecutor conveniently skipped comment on the element of intent and admitted that the same was a problem which [was] contested."

Under *Almanza,* supra, argument of counsel might have some bearing on actual harm. However, appellant has misconstrued the State's jury argument. In reference to the elements of the offense as contained in the charge, the prosecutor reviewed the proof of date and location. He then stated:

"'The Defendant'—well, I will skip that element. That is the element which is going to be the problem, not only a

problem, but which is contested. 'With the specific intent to commit the offense of murder.' The offense of murder. There is no doubt about it. Somebody did try to murder Mr. Sanchez."

It is beyond dispute that the identity of appellant as the actor was the element "skipped". *It* was the contested issue. In contrast, the prosecutor stated that there was no doubt that someone had the intent to kill Sanchez.

Appellant asserts two additional bases not previously raised in support of his claim that intent to kill was contested. We will consider them only because they are raised in response to the court's opinion. Appellant points to his own testimony that he did not shoot anyone that evening. However, that testimony does not contest the allegation that *someone* had the intent to kill.

Secondly, appellant argues that his plea of "not guilty" brings in issue every inculpatory fact; he cites *Bradshaw v. State*, 44 Tex.Cr.R. 222, 70 S.W. 215, 216 (1902). Appellant's reliance on *Bradshaw* is misplaced, because that case involved the need to charge all elements of an offense. Thus, in a robbery case, none of the elements, including ownership and lack of consent, could be omitted from the charge even if the defendant did not contest a particular element. However, neither *Bradshaw* nor any other case says that all issues are considered to be automatically contested by a not guilty plea.

All of the appellant's arguments that he contested the issue of intent to kill are without merit. The Court of Appeals correctly concluded that appellant's defensive theory was "alibi and nothing else." *Mercado*, supra at 27.

Furthermore, the Court of Appeals correctly concluded that appellant was not subjected to "egregious harm". First, we do not believe it is egregious error to instruct the jury that they may do something that they can in fact do. The jury can infer intent to kill from the use of a deadly weapon. Indeed, it has long been held that when a deadly weapon is used in a deadly manner by a defendant, the inference is almost conclusive that he intended to kill. *Hatton v. State*, 31 Tex.Cr.R. 586, 21 S.W. 679 (1893). Accordingly, an instruction on that inference, while improper as a comment on the weight of the evidence, is not an egregious error, under all the circumstances here presented.

Second, we can quickly conclude that the error did not create such harm that appellant was deprived of a fair and impartial trial. The contested issues are relevant in an assessment of harm. *Almanza*, supra. As the Court of Appeals concluded, appellant did not contest the issue of intent to kill. Additionally, the erroneous instruction amounted to a permissive inference not a mandatory presumption. The charge did not instruct the jury that they were required to infer intent to kill; it merely indicated that they could. The jury could have concluded that appellant lacked the intent to kill and found him guilty of the lesser included offense of aggravated assault. For these reasons, appellant was not harmed by the court's charge.

We hold that the Court of Appeals correctly concluded that there was no reversible error. Appellant's first ground for review is overruled.

In his second ground, appellant contends that the Court of Appeals erred by rejecting his claim that the trial court committed reversible error when it included in its judgment an affirmative finding of use of a deadly weapon. Appellant argues that the finding was erroneous because it was entered after he gave notice of appeal and was, therefore, untimely and vindictive. The Court of Appeals held that error, if any, was waived by appellant when he expressly acquiesced in the procedure used. *Mercado*, supra, at 28.

The record shows that on March 29, 1984, the jury found appellant guilty of attempted murder. After accepting the jury's verdict, the trial court ordered a pre-sentence investigation. On April 19, 1984, a proceeding was held in which the trial court pronounced appellant's sentence, denied his application for probation, gave credit for time already served in jail, and informed appellant of his right to appeal.

Immediately thereafter in the same proceeding, the following occurred. Appellant's trial counsel gave oral notice of appeal. At the request of counsel, the trial court appointed another attorney to handle the appeal. The prosecutor stated that he would prepare the judgment and that there was "one other matter … to clear up." He then requested that the court make an affirmative finding that a deadly weapon was used. The court agreed to do so, and appellant's trial counsel expressly said that he had "no objections".

Appellant makes a convoluted argument that he preserved error. He contends that we should consider this ground, because the Court of Appeals inconsistently applied the contemporaneous objection rule as between the State and himself. In short, appellant argues that the Court of Appeals approved the affirmative finding despite the State's failure to "object" that the trial court had neglected to make the finding. Appellant claims that because the State was not required to object, he should not have been either.

Appellant's argument misses the point. The question before us is whether the Court of Appeals correctly concluded that *appellant* failed to preserve error.

■ Whether a contemporaneous objection is required depends upon the nature of the alleged error. Appellant's ground for review is a claim that the Court of Appeals should have deleted the affirmative finding because the trial court's action was untimely and vindictive. In explaining the "untimely" component of this ground, appellant asserts that the trial court was without jurisdiction to make the affirmative finding once appellant invoked the appellate process by his oral notice of appeal. The question of jurisdiction of the convicting court may be raised for the first time on appeal. *Gallagher v. State*, 690 S.W.2d 587, 588 (Tex.Cr.App.1985). Thus, because appellant has raised a jurisdictional claim, the Court of Appeals should have decided whether the trial court had jurisdiction.

■ Rather than remand to the Court of Appeals, we will quickly dispose of this issue in the interest of judicial economy.

Appellant's oral notice of appeal was effective under Article 40.08, V.A.C.C.P. However, it did not deprive the trial court of jurisdiction to make the finding. The trial court retained jurisdiction until the record on appeal reached the appellate court. Art. 44.11, V.A.C.C.P.; *Resnick v. State*, 574 S.W.2d 558, 560 (Tex.Cr.App.1978). Therefore, the trial court had jurisdiction to enter the affirmative finding.

■ In considering the "vindictive" component of this ground, we again must determine if appellant preserved error. As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court. 26 Tex. Jur.3d Criminal Law § 3960 (1983). In the instant cause, appellant did not just fail to object but rather expressly acquiesced in the procedure used. We believe that he should not now be heard to complain that the procedure was vindictive. We hold that the Court of Appeals correctly concluded that error, if any, was waived. Appellant's second ground for review is overruled.

At the time of its opinion, the Court of Appeals did not have benefit of *Fann v. State*, 702 S.W.2d 602 (Tex.Cr.App.1986) (opinion on rehearing). Consequently, the court reformed the judgment to reflect that the jury rather than the trial court made the affirmative finding. In *Fann*, we held that where the judge is the trier of fact at the punishment phase, as here, he has authority to make the affirmative finding of use of a deadly weapon. *Fann*, supra, at 605. The Court of Appeals should not have reformed the judgment, because it was correct as originally rendered. We reinstate that judgment. As reformed, the holding of the Court of Appeals is affirmed.

ONION, P.J., and CLINTON and CAMPBELL, JJ., concur in the result.

TEAGUE, J., dissents to the disposition of ground for review No. 2.