COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TRACY FRANKLIN, SR., | § | No. 08-10-00010-CR |
| Appellant, | § | Appeal from |
| v. | § | Criminal District Court |
| THE STATE OF TEXAS, | § | of Jefferson County, Texas |
| Appellee. | § | (TC # 91802) |
| | § | |

**O P I N I O N**

Tracy Franklin, Sr. appeals from a judgment adjudicating him guilty of sexual assault of a child and assessing punishment at imprisonment for ten years. We affirm.

**FACTUAL SUMMARY**

The trial court placed Appellant on deferred adjudication community supervision on March 6, 2006 for a term of ten years. The State subsequently filed a motion to adjudicate alleging Appellant violated several conditions of community supervision. The motion alleged that Appellant failed to perform community service, failed to report, failed to provide verification that he had attended the Jefferson County Sex Offender Group Counseling, and failed to pay court-assessed fees. At the hearing, Appellant pled true to the allegation that he failed to pay court-assessed fees and the State presented evidence related to the other alleged violations. The trial court found the evidence sufficient to prove Appellant had violated the conditions as alleged in the motion. The court granted the State's motion, adjudicated Appellant's guilt, and assessed his punishment at imprisonment for a term of ten years. This appeal follows.

**CONSTITUTIONALITY OF SENTENCE**

In Issue One, Appellant contends that his sentence is constitutionally disproportionate and unreasonable in violation of the Eighth Amendment to the United States Constitution. He makes the same argument in Issue Two but bases it on Article I, Section 13 of the Texas Constitution. Appellant's brief does not contain any argument or authority explaining how the protection provided by the Texas Constitution differs from the protection provided by the United States Constitution. State and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument provided for each ground. *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993); *Heitman v. State*, 815 S.W.2d 681, 690-91 n.23 (Tex.Crim.App. 1991). Because Appellant has inadequately briefed the issue related to the Texas Constitution, nothing is presented for our review. *See Muniz*, 851 S.W.2d at 251-52; TEX.R.APP.P. 38.1(I).

Appellant's Eighth Amendment issue is not preserved for review because he did not object when the court imposed sentence nor did he raise the issue in a motion for new trial. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the grounds were apparent from the context. TEX.R.APP.P. 33.1(a)(1). This requirement applies to a complaint that a sentence is grossly disproportionate and violates the defendant's constitutional right to be free from cruel and unusual punishment. *See Noland v. State*, 264 S.W.3d 144, 151-52 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex.App.--ouston [1st Dist.] 2006, no pet.); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986)(defendant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court). We overrule Issues One and Two and affirm the judgment of the trial court.

December 15, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)