COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| WILFRED JEROME COLLINS, | | No. 08-10-00102-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | Criminal District Court No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1037961D) |
| | § | |
| | § | |

**O P I N I O N**

Appellant was indicted in February 2007 for theft of an automobile valued between $20,000 and $100,000. In April 2007, the trial court accepted a plea agreement in which Appellant confessed to the charges alleged in the indictment in exchange for a sentence of three years' deferred adjudication, a $300 fine, and restitution. In the agreement, Appellant was admonished that the sentencing range for the indicted offense, a third degree felony, was two to ten years' imprisonment.

Within the month of the plea agreement, Appellant violated the terms of his community supervision by failing to report to his parole officer. The State filed a motion to adjudicate guilt based on Appellant's non-compliance on April 26, 2007. In December 2009, the State amended its motion alleging that in addition to Appellant's continuing failure to report to his parole officer and failing to pay his fines and restitution, Appellant also committed a new criminal offence by stealing a second automobile.

The trial court heard evidence on the State's amended motion on February 18, 2010. Appellant plead "true" to the State's allegations regarding his failure to pay fines and restitution, as well as his failure to report to his parole officer. The State waived the allegation regarding the new criminal offense during the hearing, and the trial court proceeded solely on the community supervision violations. During the hearing, Appellant choose to testify. He explained to the court that shortly after he was placed on probation in 2007 family circumstances, including the death of his father, required him to travel to Alabama. Although Appellant initially returned to Texas, his mother soon fell ill and he returned to Alabama to care for her on a long term basis. Appellant remained in Alabama for two and a half years, and admitted that despite several trips back to Texas, he failed to comply with the terms of his community supervision.

The trial court adjudicated Appellant guilt of the original third degree felony offense, and sentenced him to five years' imprisonment. Appellant raises a single issue on appeal in which he contends that the court's decision to sentence him to five years constitutes an abuse of discretion. Although Appellant concedes that the sentence is within the statutory range for a third degree felony, he argues that given his particular family circumstance, the sentence violates the constitutional prohibition against cruel and unusual punishment.

To preserve a complaint for appellate review, a party must have raised the complaint to the trial court via a timely and specific objection, request, or motion which statues the specific grounds for the desired ruling. TEX.R.APP.P. 33.1(a)(1). In addition, the trial court must rule on the objection, request, or motion, or the record must demonstrate the complaining party objected to the court's refusal to rule. TEX.R.APP.P. 33.1(a)(2). An appellant's failure to object regarding a disproportionate sentence, either at the time the sentence is imposed or by a motion for new

trial, waives the issue for review on appeal. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986).

Appellant's complaint that his sentence was disproportionate under the circumstances explained in his testimony was not raised by objection at the time the trial court announced the sentence in open court, nor was it raised in Appellant's motion for new trial. Accordingly, the argument is not preserved for our review, and Issue One is overruled.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

February 25, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)