

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00009-CR

CHRISTIAN SIBLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Gregg County, Texas
Trial Court No. 2013-2143

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Christian Sibley was indicted for the class A misdemeanor offense of escape from custody.[1] After entering an open plea of guilt to the indicted offense, Sibley elected to have the trial court decide punishment. The trial court accepted Sibley's guilty plea and, after hearing evidence, sentenced him to 330 days in jail and fined him $400.00. Through a single point of error, Sibley contends that the trial court erred by considering evidence outside the record in reaching its sentencing decision.[2] Consequently, Sibley seeks a new hearing on punishment. We affirm the trial court's judgment.

A presentence investigation report (PSIR) was prepared prior to the hearing. At the hearing, the trial court asked Sibley if he had any objections to the content of the PSIR, and Sibley replied that he did not. Both Sibley and the State agreed that the trial court could consider the PSIR to determine sentencing. Additionally, the State offered, without objection, a copy of the offense report relative to the charged offense. After receiving the offense report into evidence, the trial court commented that it included information about a shooting on the day of the escape offense that resulted in Sibley's arrest for unlawfully carrying a weapon. The trial court inquired if there were any charges brought as a result of the shooting that "put people in the hospital." The trial court determined that Sibley was charged only with unlawfully carrying a weapon. No further evidence was offered.

---

[1]*See* TEX. PENAL CODE ANN. § 38.06(a), (b) (West Supp. 2014).

[2]Sibley does not contend that he was denied the right to a fair trial or that the trial court was biased or impartial.

In closing, the State pointed out that, as reflected in the offense report, Sibley was involved in a shooting on the date of the offense and that he was likewise an "admitted blood gang member." The State further indicated that Sibley "[had] three more cases, two in Gregg County and one in Rusk County, according to his PSI, since this escape." Before that, according to the State, Sibley was also convicted of resisting arrest, assault, criminal trespass, and two separate charges of possession of a controlled substance.

Sibley likewise summarized the evidence in closing and failed to dispute the State's comments, most of which undoubtedly were based on the PSIR. At the conclusion of Sibley's closing argument, the trial court stated,

> I'm just going to consider the offense report, the pre-sentence report -- which has a history of misdemeanor convictions -- and the Court's own knowledge of Mr. Sibley through the years.
> Mr. Sibley, you just like being a criminal. You just do. And you want to be a criminal, so I'm going to treat you like a criminal. You don't want to be rehabbed. You want to be a gang member. You want to be tough.
> So I've got a little misdemeanor case -- the maximum is a year -- so there's not a lot I can do to you. But I am going to sentence you to 330 days in the county jail and a $400 fine, plus cost[s] of court.

Sibley's appeal is centered on the trial court's comment that it considered its "own knowledge of Mr. Sibley through the years," as this comment ostensibly indicates the trial court's consideration of matters outside of the record. Sibley admits, however, that he does not know what "the Court's own knowledge of Mr. Sibley through the years" might encompass and that this knowledge is "obscure."

The State takes the position that Sibley waived any right to complain about the information the trial court considered in its punishment assessment since no objection was made at the time of

3

trial. To preserve a complaint for appellate review, a party must present "a timely request, objection, or motion" to the trial court, state the specific grounds for the objection, request, or motion, and obtain a ruling. TEX. R. APP. P. 33.1(a). Here, Sibley neither complained of the trial court's comment, nor objected to the court's alleged consideration of evidence outside the record, nor objected to the sentence itself. Sibley likewise made no attempt to clarify what "obscure" knowledge the trial court was supposedly referencing with its comment. And, although Sibley filed a motion for new trial, that motion did not raise the complaint Sibley now asserts on appeal. We, therefore, conclude that Sibley waived this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

Even if error had been preserved, however, a fair reading of the trial's court's comment, given the information included in both the voluminous offense report and the PSIR—to which no objections were lodged—indicates that the information available to the trial court was sufficient to justify the sentence imposed. And, although the maximum sentence for the indicted offense was 365 days,[3] Sibley was sentenced to only 330 days.

---

[3]*See* TEX. PENAL CODE ANN. § 12.21 (West 2011).

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     July 17, 2015
Date Decided:      August 10, 2015

Do Not Publish