

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00312-CR

---

LOGAN TYLER BLANTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 271st District Court
Jack County, Texas[1]
Trial Court No. 5124, Honorable Brock R. Smith, Presiding

---

April 15, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Logan Tyler Blanton, Appellant, was convicted on two counts of aggravated sexual assault of a child.[2]  In this appeal, he raises three issues challenging his sentences.  We affirm.

---

[1] This cause was originally filed in the Second Court of Appeals.  It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE § 22.021(a)(2)(B).

## BACKGROUND

Because Appellant challenges only his sentences, we will limit our review to the facts relevant to that issue. In March of 2025, Appellant pleaded guilty to the charged offenses, which are first-degree felonies. The statutory range of punishment for a first-degree felony is confinement for not more than ninety-nine years or less than five years, or life. TEX. PENAL CODE § 12.32(a). The trial court may also assess a fine. *Id.* § 12.32(b). The hearing on sentencing was held in September of 2025. At the hearing, the State offered the presentence investigation report as evidence. Appellant presented testimony from his community supervision officer. Appellant's counsel highlighted the conclusions that Appellant presented a low/moderate risk to reoffend and that Appellant scored within the lower limits of the below average range in the intellectual assessment. The trial court sentenced Appellant to a thirty-year term of imprisonment on each count, to run concurrently. Appellant timely filed this appeal. The State did not file a brief.

## ANALYSIS

Appellant raises three related issues on appeal. By his first issue, Appellant contends that the trial court failed to adequately consider his intellectual and psychological limitations during sentencing. By his second, he asserts that his sentences are inappropriate given evidence of his low risk of recidivism and his compliance with bond conditions. Lastly, Appellant claims that his sentences are disproportionate to his offenses. In sum, all of Appellant's arguments assert that the trial court abused its discretion by sentencing him to thirty years' incarceration rather than a more lenient sentence.

2

As a general rule, an appellant may not assert error pertaining to the severity of his sentence or punishment where he did not object or otherwise raise such an error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). To preserve error for appellate review, the complaining party must make a timely, specific objection. *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); *see* TEX. R. APP. P. 33.1(a) (prerequisites for raising complaint for appellate review include timely request, objection, or motion, and trial court ruling on such request, objection, or motion). The record reflects that Appellant did not object to the alleged severity of his punishment or the alleged disproportionality of his sentences at trial, nor did he raise his complaints in a motion for new trial. Therefore, Appellant's complaints have not been preserved for review.

Even if Appellant had preserved error, we note that nothing, other than Appellant's bare assertion, suggests that the trial judge did not consider the factors mentioned in Appellant's brief. Further, when a sentence falls within the statutory range of punishment, as it does here, it is generally not subject to challenge for excessiveness. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016).

## CONCLUSION

We affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.

3