Rivas v. SOT










 
 



NUMBER 13-03-00209-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

SANTOS RESENDEZ RIVAS, JR.,                                               Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 156th District Court of Bee County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          On December 20, 2002, pursuant to a plea agreement, appellant, Santos Resendez
Rivas, Jr., pleaded guilty to the second degree felony offense of indecency with a child.


 
In accordance with the plea agreement, the trial court deferred the adjudication of guilt,
placed appellant on community supervision for a term of eight years, assessed a $1,500
fine, and ordered that appellant serve thirty days in jail as a condition of his community
supervision. The trial court also ordered that appellant comply with the following conditions
of community supervision:
(1)      Neither commit nor be convicted of any offense against the laws of
the State of Texas, any other State, or of the United States of
America; and
 
(2)      Observe a curfew and remain in your residence from 10:00 p.m., until
5:00 a.m., daily during the term of community supervision.
 
          On January 2, 2003, the State filed a motion to revoke appellant’s community
supervision. The motion alleged appellant had violated the conditions of his community
supervision by driving and operating a motor vehicle in a public place, while intoxicated,
at 1:06 a.m. on December 25, 2002, in Bee County, Texas. Appellant pleaded true to the
allegations in the motion, and the trial court found the plea to be freely and voluntarily
made. The trial court found the allegations in the motion to be true, adjudicated appellant
guilty of the offense of indecency with a child and assessed his punishment at twelve years
imprisonment and no fine. The trial court has certified that this case “is not a plea-bargain
case and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2).
          In a single issue, appellant contends the punishment assessed by the trial court
violates the Eighth and Fourteenth Amendments to the United States Constitution because
it is disproportionate to the seriousness of the offense.
          The record reflects appellant made no objection to the sentence, either at the time
of sentencing or in any motion, on any grounds. Nor did he ever lodge an objection, under
constitutional or other grounds, to any part of the sentencing procedure or to the alleged
disparity, cruelty, unusualness or excessiveness of the sentence. Without proper
preservation, even constitutional error may be waived. Tex. R. App. P. 33.1(a); Wright v.
State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Luna v. State, 70 S.W.3d 354, 359
(Tex. App.–Corpus Christi 2002, pet. ref’d). To preserve an error for appellate review, a
party must present a timely objection to the trial court, state the specific grounds for the
objection, and obtain a ruling. Tex. R. App. P. 33.1(a). Generally, an appellant may not
complain of an error pertaining to his sentence or punishment if he has failed to object or
otherwise raise the error in the trial court. Mercado v. State, 718 S.W.2d 291, 296 (Tex.
Crim. App. 1986); see also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.–Houston [1st
Dist.] 1997, pet. ref’d) (claim of grossly disproportionate sentence violative of Eighth
Amendment waived by failure to object); Quintana v. State, 777 S.W.2d 474, 479 (Tex.
App.–Corpus Christi 1989, pet. ref’d) (failure to object to sentence as cruel and unusual
waives error). 
          We note that during the adjudication hearing, counsel asked the trial court to place
appellant on community supervision and order that he be treated for alcoholism. However,
a request for probation and treatment does not constitute a sufficient objection to preserve
an issue of disproportionate sentencing. See Jackson v. State, 989 S.W.2d 842, 844-45
(Tex. App.–Texarkana 1999, no pet.).
          Accordingly, we hold that appellant failed to preserve error for our review. 
Appellant’s sole issue is overruled.
          The trial court’s judgment is affirmed. 
     FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
5th day of August, 2004.