NUMBER
13-01-814-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

RAMON
G. JUAREZ,                                                           Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

      On appeal from the
36th District Court of Aransas County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellant, Ramon G. Juarez,
appeals from the trial court=s revocation of his
community supervision.  On May 23, 1995,
pursuant to a plea bargain agreement, appellant pleaded guilty to the offense
of possession of a controlled substance, less than twenty-eight ounces of
cocaine.[1]  He was sentenced to five years imprisonment
and a $500 fine, suspended for five years. 
On December 6, 1996, the State filed a motion to revoke appellant=s community
supervision.  Appellant pleaded true to
the allegations in the State=s  motion. 
The trial court found the allegations true and assessed punishment at
five years imprisonment and a $500 fine. 
In a single point of error, appellant contends his sentence amounts to
cruel and unusual punishment in violation of the Eighth and Fourteenth
Amendments to the United States Constitution.[2]  We affirm.








Appellant made no objection to his sentence to the
trial court, either at the time of sentencing or in any post-trial motion, on
any grounds, nor did he ever lodge an objection, under constitutional or other
grounds, to any part of the sentencing procedure or to the alleged disparity,
cruelty, unusualness or excessiveness of the sentence.  Even constitutional claims can be waived by
failure to object.  Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).  To preserve an error for appellate review, a
party must present a timely objection to the trial court, state the specific grounds
for the objection, and obtain a ruling.  Tex. R. App. P. 33.1(a).  Generally, an appellant may not complain of
an error pertaining to his sentence or punishment if he has failed to object or
otherwise raise error in the trial court. 
Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); see
also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.BHouston [1st Dist.]
1997, pet. ref'd)  (claim of grossly
disproportionate sentence violative of Eighth Amendment waived by failure to
object); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989,
pet. ref'd)(failure to object to sentence as cruel and unusual waives
error).  Appellant failed to preserve his
claim of error in the present case.

We overrule appellant=s sole point of error
and AFFIRM the judgment of the trial court. 


 

                                                              

                                                           
                                                                 

LINDA REYNA
YAÑEZ                                                                                                                                                Justice

 

 

 

 

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

26th day of
September, 2002.

 

 

    

 

 











[1]See Tex.
Health & Safety Code Ann. '481.115 (Vernon Supp.
2002).





[2]See U.S.
Const. amends.
VIII, XIV.