NO. 07-07-0044-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 5, 2007


 ______________________________



ADRIAN TENORIO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-413201; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Adrian Tenorio has given notice of appeal from a conviction and sentence
for aggravated robbery. The appellate court clerk received and filed the trial court clerk's
record on March 6, 2007, and received and filed the trial court reporter's record on April 10,
2007. 

 Appellant's brief was originally due on May 10, 2007. The Court, on May 18, 2007,
notified counsel for appellant that the brief was due and gave a May 29, 2007 deadline for
the brief to be filed or the appeal would be abated and remanded to the trial court. Neither
the brief nor a motion for extension of time has been received. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, whether appellant's
present counsel should be replaced; and
 what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant
does not desire to prosecute this appeal, or, if appellant desires to
prosecute this appeal, to assure that the appeal will be diligently
pursued.



If the trial court determines that the present attorney for appellant should be replaced, the
court shall cause the clerk of this court to be furnished the name, address, and State Bar of
Texas identification number of the newly-appointed attorney. 

 In support of its determination, the trial court shall prepare and file written findings of
fact and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. Those supplemental records shall be submitted to the clerk of this court no later than
July 9, 2007.

 Per Curiam

Do not publish. 



 a
partially burned wallet in the fireplace of appellant's residence. Among the ashes in the
fireplace was a partially burned insurance card for Susan Schafer, Colin's mother. 
Appellant and Gabriel were arrested and both of them gave statements incriminating
themselves in the robbery-murder of Colin Schafer. 

 Reiterated, in his first point, appellant contends the trial court reversibly erred in
admitting evidence concerning the shooting incident that occurred eight days after the
murder in question here. He argues that the State improperly offered the evidence to
demonstrate appellant's general bad character in violation of the Texas Rules of Evidence. 

 Parenthetically, the State contends appellant did not properly preserve this question
for appellate review. The gist of that contention arises out of a preliminary hearing, the
subject of which, the trial court announced, was "evidentiary matters." Defense counsel
objected to the consideration of the balancing test necessary for the trial court to perform
in determining the admissibility of the extraneous offense because the question was not
"ripe." 

 However, the trial court stated that its purpose in calling the hearing was to consider
"the question of whether or not [the extraneous offense is] probative or not and whether or
not the extraneous offense carries more prejudice than probative value. . . ." At the
conclusion of the hearing, and after hearing testimony, the court announced, "[M]y
preliminary ruling is that this matter is not overly prejudicial, it is probative of the facts of the
capital murder in this case, and that as such, the Court is going to allow the matter to be
proffered before the jury." When the State tendered the testimony at trial, defense counsel
told the court that he was rearguing the objection that was raised at the preliminary hearing. 
That objection was overruled, and appellant was given a running objection to the testimony. 
 

 The State argues that the only objection made by defense counsel at the hearing
was that the hearing was premature and counsel's reference to his objection at the
preliminary hearing "was insufficiently specific to preserve error concerning Appellant's
complaints on appeal." We disagree. The record is sufficient to show the trial court was
well aware of the basis of appellant's objection and continued to believe the evidence was
admissible. Thus, the question has been preserved for our appellate review.

 The nature of appellant's first point requires us to review the pertinent portions of 
the applicable Rules of Evidence. Rule 401 defines relevant evidence as "evidence having
any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex.
R. Evid. 401. Rule 402 provides: "All relevant evidence is admissible, except as otherwise
provided by . . . these rules, . . . ." Tex. R. Evid. 402. Rule 403 provides that although
relevant, "evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice . . . ." Tex. R. Evid. 403. Rule 404(b) provides that
"[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a
person in order to show action in conformity therewith." Tex. R. Evid. 404(b). It may,
however, be admissible for other purposes such as proof of motive, opportunity, intent,
preparation, plan, knowledge, and identity. Id. 

 We review a trial court's decision on the admission or exclusion of evidence by an
abuse of discretion standard. See Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim.
App. 1990). The determination of the admissibility of evidence is a multi-step process. 
First, the trial court is required to decide whether the evidence to be introduced is relevant
to the proceedings. Id. at 375. If the evidence is deemed relevant, it is admissible unless
it is excluded by a constitutional, statutory, or evidentiary provision. Id. at 376. Even if the
evidence is relevant and otherwise admissible, it may still be excluded if its prejudicial effect
substantially outweighs its probative value. Id. at 377.

 In this case, the police had no leads or suspects in Schafer's murder. It was not until
after the second shooting that the police were able to identify potential suspects. That
being so, the extraneous offense was relevant to the development of the case. However,
although it may be relevant, the extraneous offense would not have been admissible as
character evidence to show appellant's character traits such as violent behavior or
tendency to use deadly weapons, Tex. R. Evid. 404(b), and the burden was on the State
to establish another legitimate reason for admission of the second shooting evidence. See
Russell v. State, 113 S.W.3d 530, 535 (Tex. App.-Fort Worth 2003, pet. ref'd).

 In this case, the State was required to prove that appellant had intent and acted to
promote, encourage, solicit, direct, aid, or attempt to aid in Schafer's murder. Id. at 536.
Here, the State needed the evidence to show the development of the police investigation
leading to the suspects, as well as to show that appellant intended to use or had knowledge
that the weapon was intended to be used in a crime such as the one that led to Schafer's
death. The extraneous evidence was clearly probative to show appellant's participation in
the robbery that led to Schafer's death.

 We next consider whether the evidence's probative value outweighed its prejudicial
effect. In examining the record, we note that although the offense in chief dealt with the
emotional issue of the death of a Texas Tech student and included photographs of the
scene and the autopsy of Schafer's body, evidence relating to the extraneous offense was
presented almost matter-of-factly. Two witnesses testified to the actual shooting and
identified appellant as a suspect in that shooting. Two police officers testified as to the
investigations of the separate offenses and the possible link between them. A firearm
examiner testified to ballistic examinations on shell casings that connected the two shooting
incidents to the same rifle. Testimony relating to the second shooting did not involve any
injury and no disturbing photographs or emotional testimony was introduced in that regard. 
Thus, we conclude that the evidence relating to the second shooting had very little potential
to impress the trial jury in an irrational or indelible manner. Out of the some 450 pages of
testimony, only 80 pages were related to the extraneous offense.

 A majority of the testimony related to the extraneous offense was focused on the
development of the identification of the suspects, the similarities between the two offenses,
and the ballistic comparison between weapons used in the two offenses. Indeed, the
testimony was, in the main, focused on the difficulty the police were having identifying
suspects in the murder until the discovery of the spent cartridges found at the scene of the
second shooting. There was very little testimony relating to appellant or his character. 

 With regard to intent and identity, the jury could reasonably consider the testimony
that appellant fired a rifle at a residence with Gabriel's encouragement to infer that
appellant knew or should have known that Gabriel was willing to use the gun against
Schafer. The jury could also have considered the testimony concerning appellant's use of
the 9 mm rifle as evidence that appellant had intent to kill. See Mercado v. State, 718
S.W.2d 291, 295 (Tex. Crim. App. 1986). Whether appellant had knowledge or intent to
participate in Schafer's murder was directly at issue in this case. 

 In summary, for the reasons we have iterated, the State met its burden to
demonstrate that the evidence was relevant and that its probative value exceeded its
prejudicial effect. Appellant's first point is overruled.

 Because it also concerns the admissibility of evidence, we next consider appellant's
fourth point. In that point, he contends the trial court reversibly erred in excluding Gabriel's
written statement. In supporting that theory, appellant contends that the confession was
admissible as a statement against interest. In relevant part, Rule 803(24) provides that a
statement that at the time of its making is so far contrary to the declarant's interest as to
tend to subject the declarant to criminal liability is not excluded by the hearsay rule even
if the declarant is available as a witness. Tex. R. Evid. 803(24). However, it further
specifically provides that in criminal cases, "a statement tending to expose the declarant
to criminal liability is not admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement." Id. In that connection, although the trial court ruled that
the entire confession was not admissible, it did allow appellant to explore any portion of
Gabriel's statement so long as those portions were corroborated by other evidence.

 A trial judge's evidentiary ruling will be affirmed if the trial court follows the
appropriate analysis and balancing factors. See Montgomery v. State, 810 S.W.2d at 380. 
Under this record, the trial court did not abuse its discretion in making its ruling. Appellant's
fourth issue is overruled.

 In his second and third points, appellant contends the evidence is legally and
factually insufficient to sustain his conviction of capital murder. In particular, he argues that
even if the evidence was sufficient to show he agreed to assist Gabriel in a robbery, he had
no intention of killing the victim and the evidence was not sufficient to establish that
essential element of his conviction.

 Evidence is legally sufficient if, viewed in the light most favorable to the jury's verdict,
a rational jury could find the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis
v. State, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996). Evidence is factually sufficient if,
when all of the evidence is considered in a neutral light, a rational jury can make a finding
of guilt beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim.
App. 2004).

 In these two challenges, as we have noted, appellant only disputes the sufficiency
of the evidence to establish whether he intended to aid or assist in causing Schafer's death. 
For the purpose of this discussion, we will assume, arguendo, that appellant is correct in
contending that his statement is the only evidence demonstrating his intent. We will first
consider his statement in a light most favorable to the verdict. In that statement, appellant
indicates that he was aware that Gabriel had and used a weapon during the commission
of robbing Schafer. He also indicates that he urged Gabriel to hurry up and never
attempted to dissuade Gabriel from using violence during the commission of the robbery. 
Although appellant expresses fear of getting caught, his statement does not reveal anything
showing that the murder was unexpected. In his statement, appellant also describes that
after the shooting, he urged Gabriel to "come on" and he drove Gabriel away from the
murder site. He further describes how he helped Gabriel burn Schafer's wallet by providing
hair spray as a means to help destroy evidence of the crime. In sum, viewing appellant's
statement in a light most favorable to the verdict, a rational jury could have found the
essential elements of the capital murder of Schafer beyond a reasonable doubt.

 In considering the factual sufficiency question, the jury could have considered the
evidence against Gabriel as reducing appellant's role in the incident and could have 
considered it as minimizing appellant's knowledge of the murder. Even so, in addition to
this testimony, the jury also heard that appellant owned the rifle used in the robbery,
provided and drove the getaway car, possibly profited from the proceeds of the robbery,
and assisted in the destruction of evidence. Intent is generally a fact question to be
determined by the jury. Robles v. State, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). Intent
may be inferred from the words and conduct of an accused. Hernandez v. State, 819
S.W.2d 806, 810 (Tex. Crim. App. 1991), overruled in part on other grounds by Fuller v.
State, 829 S.W.2d 191 (Tex. Crim. App. 1992). After reviewing the evidence in toto, and
in a neutral light, we conclude that a rational jury had sufficient evidence to conclude that
appellant was guilty beyond a reasonable doubt. Because the evidence is legally and
factually sufficient to support the jury's verdict, we overrule appellant's second and third
points.

 Finally, as we have noted, in his fifth point, appellant contends the trial court
reversibly erred in denying his motion for continuance because the denial deprived him of
his right to present a witness in his favor. In support of that proposition, he argues that
through no fault of his own, Gabriel was not available to testify at his trial but would have
been available within two days thereafter.

 In considering a trial court's ruling on a continuance motion, an appellate court
reviews the trial court's action by an abuse of discretion standard. Heiselbetz v. State, 906
S.W.2d 500, 511 (Tex. Crim. App. 1995). To establish an abuse of discretion, an appellant
must show that the denial resulted in actual prejudice and harm to him or her. Id. Here,
in his motion seeking continuance, appellant recites the situation leading to the request for
the continuance with the conclusory statements that the continuance was necessary "to
ensure the Defendant's 6th amendment [right] for compulsory process, for right to effective
assistance of counsel, his right to confront and cross-examination [of a] witness, his right
to a fair trial, and his due process rights under the 4th, 5th, 6th, and 14th amendments to the
U.S. Constitution and Art. 1, sec.10 of the Texas Constitution." In this case, the record
supports the conclusion that defense counsel did not attempt to timely locate the missing
witness and the motion for continuance was not actually filed until well into the course of
the trial. Moreover, although he asserts the missing witness's testimony would have
"bolstered" his defense, he does not assert the testimony would have been crucial or
unique. The Court of Criminal Appeals has stated that mere desire to have more time to
prepare does not establish an abuse of discretion. Id. at 512. Additionally, although a
motion for new trial was filed, nowhere in the motion was a complaint made of the failure
to grant the motion for continuance. In Taylor v. State, 612 S.W.2d 566, 569 (Tex. Crim.
App. 1981), the court stated that the only means of preserving error in the overruling of a
motion for continuance due to an absent witness is a motion for new trial. Appellant's fifth
point is overruled.

 In summary, all of appellant's points are overruled, and the judgment of the trial
court affirmed.

 Per Curiam


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).