COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






WILFRED JEROME COLLINS,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-10-00102-CR

Appeal from the

Criminal District Court No. 3

of Tarrant County, Texas 

(TC# 1037961D) 





O P I N I O N

            Appellant was indicted in February 2007 for theft of an automobile valued between
$20,000 and $100,000. In April 2007, the trial court accepted a plea agreement in which
Appellant confessed to the charges alleged in the indictment in exchange for a sentence of three
years’ deferred adjudication, a $300 fine, and restitution. In the agreement, Appellant was
admonished that the sentencing range for the indicted offense, a third degree felony, was two to
ten years’ imprisonment.
            Within the month of the plea agreement, Appellant violated the terms of his community
supervision by failing to report to his parole officer. The State filed a motion to adjudicate guilt
based on Appellant’s non-compliance on April 26, 2007. In December 2009, the State amended
its motion alleging that in addition to Appellant’s continuing failure to report to his parole officer
and failing to pay his fines and restitution, Appellant also committed a new criminal offence by
stealing a second automobile.
            The trial court heard evidence on the State’s amended motion on February 18, 2010. 
Appellant plead “true” to the State’s allegations regarding his failure to pay fines and restitution,
as well as his failure to report to his parole officer. The State waived the allegation regarding the
new criminal offense during the hearing, and the trial court proceeded solely on the community
supervision violations. During the hearing, Appellant choose to testify. He explained to the
court that shortly after he was placed on probation in 2007 family circumstances, including the
death of his father, required him to travel to Alabama. Although Appellant initially returned to
Texas, his mother soon fell ill and he returned to Alabama to care for her on a long term basis. 
Appellant remained in Alabama for two and a half years, and admitted that despite several trips
back to Texas, he failed to comply with the terms of his community supervision.
            The trial court adjudicated Appellant guilt of the original third degree felony offense, and
sentenced him to five years’ imprisonment. Appellant raises a single issue on appeal in which he
contends that the court’s decision to sentence him to five years constitutes an abuse of discretion. 
Although Appellant concedes that the sentence is within the statutory range for a third degree
felony, he argues that given his particular family circumstance, the sentence violates the
constitutional prohibition against cruel and unusual punishment.
            To preserve a complaint for appellate review, a party must have raised the complaint to
the trial court via a timely and specific objection, request, or motion which statues the specific
grounds for the desired ruling. Tex.R.App.P. 33.1(a)(1). In addition, the trial court must rule on
the objection, request, or motion, or the record must demonstrate the complaining party objected
to the court’s refusal to rule. Tex.R.App.P. 33.1(a)(2). An appellant’s failure to object regarding
a disproportionate sentence, either at the time the sentence is imposed or by a motion for new
trial, waives the issue for review on appeal. Mercado v. State, 718 S.W.2d 291, 296
(Tex.Crim.App. 1986).
            Appellant’s complaint that his sentence was disproportionate under the circumstances
explained in his testimony was not raised by objection at the time the trial court announced the
sentence in open court, nor was it raised in Appellant’s motion for new trial. Accordingly, the
argument is not preserved for our review, and Issue One is overruled.
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.


February 25, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)