

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00147-CR

**SERGIO VALENTIN MARTINEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court
Johnson County, Texas
Trial Court No. F43430**

## MEMORANDUM  OPINION

Appellant Sergio Valentin Martinez pleaded guilty to two counts of fraudulent use or possession of identifying information (another person's social security number). The matter proceeded to a bench trial on punishment.  The trial court assessed Martinez's punishment at twenty-four months' imprisonment in state jail and a $5,000 fine.  This appeal followed.

In his first issue, Martinez contends that the trial court erred in assessing his punishment because his sentence constitutes cruel and unusual punishment even

though it is within the statutory range for the offense. He argues that the sentence is a violation of the Eighth Amendment of the United States Constitution. However, no objection on this ground was made to the trial court.

To preserve an issue for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Claims of cruel and unusual punishment can be forfeited if not brought before the trial court. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (stating that appellant failed to preserve his complaint that his punishment violated the Eighth Amendment prohibition against cruel and unusual punishment because he urged no objection at trial); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that appellant failed to preserve his Eighth Amendment complaint because he never made the argument to the trial court); *see also Winkfield v. State*, No. 10-10-00394-CR, 2011 WL 4490233, at *1 (Tex. App.—Waco Sept. 28, 2011, no pet. h.) (mem. op., not designated for publication).

Martinez did not raise any objections to his punishment in the trial court either at the time of sentencing or in his motion for new trial. His motion for new trial merely states, "The verdict was contrary to the law and the evidence." Thus, Martinez has failed to preserve his first issue, and we overrule it. *See* TEX. R. APP. P. 33.1(a); *Curry*, 910 S.W.2d at 497.

In his second issue, Martinez contends that the trial court violated his due process rights in assessing his punishment by failing to consider the full range of punishment and assessing a predetermined sentence. But the requirement of an objection to the trial court applies even to due-process violations. *See Hull v. State*, 67 S.W.3d 215, 216-18 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1(a); *Winkfield*, 2011 WL 4490233, at *1. Martinez did not object during the proceeding or at the time his sentence was imposed, nor did he raise his due-process concerns in his motion for new trial. Thus, Martinez has failed to preserve this issue as well. *See* TEX. R. APP. P. 33.1(a). We overrule Martinez's second issue.

Having overruled both of Martinez's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 30, 2011
Do not publish
[CR25]