

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00246-CR

RUBEN RAMOS III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-407,824, Honorable William R. Eichman II, Presiding

October 18, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Ruben Ramos III, appellant, pleaded guilty to murder[1] and a jury assessed punishment at life in prison. Appellant raises two issues on appeal: first, he challenges the trial court's admission of a videotaped conversation between him and his sister, and second, he asserts that the imposition of a life sentence constitutes cruel and unusual punishment. We affirm.

---

[1] TEX. PENAL CODE ANN. § 19.02(b) (West 2011).

## Background

On October 13, 2015, Nakasha Nolan was stabbed to death in her car outside an apartment complex in Lubbock, Texas. A witness saw appellant, whose clothes were covered in blood, with another man near the car. Appellant ran away when he saw the witness observing them. The following day, appellant told a friend living at the apartment complex that he and another man had committed a murder. Appellant related that he and the other man had stabbed the victim. Appellant went to the friend's house, smoked synthetic weed, and fell asleep. While he slept, his friend went next door and asked her neighbor to call 911. The neighbor was the same person who had observed appellant near Nolan's car shortly after the murder. Appellant was arrested and later confessed to Nolan's murder. Based on appellant's open plea of guilty, the trial court found appellant guilty of the offense of murder and the case proceeded to the punishment phase before a jury.

On the Monday morning that trial began, the State filed notice that it intended to introduce evidence of a videotaped conversation appellant had with his sister during her visit at the Lubbock County Detention Center the previous day. The notice stated that the evidence included appellant's remarks that he fought with Nolan's relatives while in jail, that he might have to stab someone on his first day in prison, and that if Nolan's family expressed happiness with his sentence, he wanted to tell them how Nolan screamed as he stabbed her. In a hearing outside the presence of the jury, appellant's counsel stated that he might need time to investigate the video and noted that he would likely object if the video were offered into evidence.

On Thursday, the last day of trial, the State notified the court during a bench conference that it intended to offer the video through its next witness. Appellant's attorney objected to the video's admission under Rule 403 of the Texas Rules of Evidence. Counsel expressed that it would be challenging to put the conversation into context and that the evidence would cause confusion on the part of the jury. The trial court responded that appellant could clear up any contextual concerns by calling appellant's sister or appellant to the stand. The video was subsequently admitted into evidence and published to the jury.

The jury assessed appellant's punishment at confinement in the Texas Department of Criminal Justice for life. The trial court accepted the jury's verdict and appellant was sentenced accordingly. This appeal followed.

Analysis

Issue 1: Admission of Jail Visit Video

In his first issue, appellant asserts that the trial court erred by allowing the State to introduce the video of the conversation appellant had with his sister while he was in jail awaiting trial. Appellant argues that statements in the video of the jail visit inflamed the jury and confused the issues, contributing to the jury's assessment of a life sentence. We review a trial court's decision to admit or exclude evidence under the abuse of discretion standard. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* at 83.

3

Throughout the trial, appellant presented a theme of being remorseful about his actions and cooperative with the investigating authorities. Appellant's counsel elicited testimony from detectives and other witnesses about how appellant returned to the apartment complex the day after the murder, suggesting he wanted to be apprehended. He also emphasized that appellant confessed and pleaded guilty to the crime, again insinuating that he felt remorse for what he had done.

The video shows that appellant told his sister that he had been in fights with two of Nolan's relatives while he was incarcerated awaiting trial. Appellant remarked, somewhat flippantly, that he might have to stab somebody on his first day in the Texas Department of Criminal Justice. He also stated that he had considered, but then rejected, the idea of telling Nolan's family about how Nolan screamed while she was being stabbed if Nolan's family appeared to be happy with the sentence he received at trial. Finally, appellant suggested that his "homeboys" would eventually retaliate against the people who turned him in to the authorities.

The State argues that appellant's statements in the video were properly admitted to rebut appellant's claimed remorse and also to show his bad character. While appellant acknowledges that some of his statements were likely probative of the sentence he should have received, he maintains that the probative value is outweighed by the danger of unfair prejudice.

A jury "has a valid interest in knowing whether appellant is peaceful and law-abiding or whether he is destructive, mischievous, violent or assaultive in order to properly assess a just and fitting punishment." *Palmer v. State*, 716 S.W.2d 174, 176 (Tex. App.—

4

Houston [14th Dist.] 1986, pet. ref'd). However, under Rule 403 of the Texas Rules of Evidence, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, [or] confusing the issues . . . ." TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and presumes that relevant evidence will be more probative than prejudicial. *Murray v. Tex. Dep't of Family & Protective Servs.*, 294 S.W.3d 360, 368 (Tex. App.—Austin 2009, no pet.).

The factors to be considered by the trial court in determining whether Rule 403 bars the admission of otherwise relevant evidence include: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational, yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g). We conclude that these factors weigh in favor of the trial court's decision to allow the video into evidence. The evidence had probative value in that it helped the jury decide whether appellant was peaceful and law-abiding. While appellant's comments on the video were offensive and insensitive, they were not so inherently inflammatory that the evidence would be likely to cause the jury to act in an irrational, indelible way. The evidence did not take long to present to the jury; the video itself was approximately twenty minutes long, only a small portion of the four-day trial. The State had a need for the evidence as it tended to rebut appellant's characterization of himself as remorseful.

The trial court acted within its discretion by admitting the video evidence as probative of appellant's character and the issue of remorse. We overrule appellant's first issue.

Issue 2: Cruel and Unusual Punishment

In his second issue, appellant contends that the life sentence imposed by the court, although within the statutory range of punishment,[2] nonetheless constitutes cruel and unusual punishment in violation of the U.S. and Texas Constitutions. Appellant argues that his sentence is grossly disproportionate given that his previous offenses were nonviolent and that he presented mitigating evidence reflecting a troubled past and remorse for his actions. In response, the State asserts that appellant waived this complaint by not objecting to the sentence at trial.

As a general rule, an appellant cannot assert error pertaining to his sentence or punishment when he failed to raise such an error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). The record reveals that appellant made no objection to the sentence, either at the time of sentencing or in any post-trial motion, based upon the contention that it was disproportionate or violated the prohibition against cruel and unusual punishment. Under our rules of appellate procedure, the trial court must be made aware of any complaint via a timely objection or motion stating the objection and requesting a ruling. TEX. R. APP. P. 33.1(a)(1). The failure to make an objection or motion results in a waiver of the complaint on appeal, and this includes complaints about cruel and unusual punishment. *Wise v. State*, 223 S.W.3d 548, 554 (Tex. App.—Amarillo 2007, pet. ref'd). Because appellant did not preserve this complaint for review on appeal, we overrule appellant's second issue.

---

[2] As a first-degree felony, murder is punishable by confinement for life or for any term of not more than ninety-nine years or less than five years. TEX. PENAL CODE ANN. §§ 12.32(a), 19.02 (West 2011).

6

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.