

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00078-CR

**RUDY GARZA MOLINA,**

           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

           **Appellee**

From the 443rd District Court
Ellis County, Texas
Trial Court No. 44633CR

## MEMORANDUM OPINION

Appellant, Rudy Garza Molina, was charged by indictment with assault family violence with a prior family violence conviction, enhanced by two prior felony convictions. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). A jury found Molina guilty of the charged offense. Molina elected for the trial court to assess punishment. At the punishment hearing, Molina pleaded "true" to both enhancement allegations. The trial court found the enhancement allegations to be "true" and sentenced Molina to forty

years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with no fine.

In two issues on appeal, Molina contends that his forty-year sentence is grossly disproportionate to the crime and inappropriate to the offender, thus violating his constitutional rights pursuant to the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13. We affirm.

## Issues One and Two

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

At the punishment hearing, Molina did not assert his disproportionate-sentence claim. Indeed, when asked if there was "any legal reason why sentence should not be imposed today for Mr. Molina," defense counsel responded, "No, Your Honor." Further,

Molina did not raise a disproportionate-sentence claim in his motion for new trial or otherwise present a post-trial objection to the imposed sentence. Therefore, Molina's complaints in these two issues are not preserved and are overruled.

## Conclusion

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
Affirmed
Opinion delivered and filed September 29, 2021
Do not publish
[CRPM]

