COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-124-CR

ROBERT MONTALVO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 

------------

Appellant Robert Montalvo appeals his seven-year sentence for sexual assault of a child.  In his sole issue, Appellant complains that the trial court abused its discretion in sentencing him to seven years’ confinement because he  is “elderly” (57 years old) and in poor health.
(footnote: 2)
 Punishment assessed by the trial court will not be disturbed on appeal absent a showing of abuse of discretion.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  The allowable discretion of the trial judge in assessing a term of years is limited only by the maximum provided by law. 
Tamminen v. State
, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).

Appellant acknowledges that he failed to raise this complaint at trial; thus, the general rule is that it is forfeited on appeal.  
Tex. R. App. P.
 33.1(a);
 see Curry v. State
, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (holding that by failing to object in trial court, appellant failed to preserve error regarding point on appeal that his sentence violated constitutional prohibition against cruel and unusual punishment contained in the Eighth and Fourteenth Amendments to the United States Constitution); 
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (“As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.”)
.

Although Appellant agrees that he did not object to the sentence when it was pronounced and did not file a motion for new trial attacking the sentence, he asserts that “to the extent this complaint was not preserved, [A]ppellant asks the Court to address it in the interests of justice,” citing 
Butler v. State
.  872 S.W.2d 227, 237 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1157 (1995).

In 
Butler
,
 the appellant objected to hearsay evidence, even stating the reasons for his objections; however, the Texas Court of Criminal Appeals held that by not actually mentioning the word “hearsay,” he was not specific enough in his request.  
See id
.  The court nevertheless addressed the appellant’s argument in the interest of justice despite the appellant’s failure to properly preserve error.  
See id.  
In this case, Appellant failed to object at all to his sentence at trial.  Thus, the reasoning in 
Butler 
is inapplicable
 
here
.  See id
.  Because Appellant failed to preserve error, we overrule his sole issue and affirm the trial court’s judgment.
(footnote: 3)

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 11, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant does not raise a constitutional complaint that his sentence constitutes cruel and unusual punishment.

3:
Moreover, there was ample evidence supporting the trial court’s decision, including witness testimony and Appellant’s testimony that he did not comply with all the conditions of his community supervision, and the sentence was well within the permissible statutory limit of two to twenty years’ confinement.  
See
 
Tex. Penal Code Ann.
 §§ 12.33 (Vernon 2003), 22.011(a)(2)(A) (Vernon Supp. 2006).