COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-124-CR

 

 

ROBERT MONTALVO                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Robert Montalvo
appeals his seven-year sentence for sexual assault of a child.  In his sole issue, Appellant complains that
the trial court abused its discretion in sentencing him to seven years= confinement because he  is Aelderly@ (57 years
old) and in poor health.[2]








Punishment assessed by the
trial court will not be disturbed on appeal absent a showing of abuse of
discretion.  Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984). 
The allowable discretion of the trial judge in assessing a term of years
is limited only by the maximum provided by law. Tamminen v. State, 653
S.W.2d 799, 803 (Tex. Crim. App. 1983).

Appellant acknowledges that
he failed to raise this complaint at trial; thus, the general rule is that it
is forfeited on appeal.  Tex. R. App. P. 33.1(a); see Curry
v. State, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (holding that by
failing to object in trial court, appellant failed to preserve error regarding
point on appeal that his sentence violated constitutional prohibition against
cruel and unusual punishment contained in the Eighth and Fourteenth Amendments
to the United States Constitution); Mercado v. State, 718 S.W.2d 291,
296 (Tex. Crim. App. 1986) (AAs a general rule, an appellant may not assert error pertaining to his
sentence or punishment where he failed to object or otherwise raise such error
in the trial court.@).

Although Appellant agrees
that he did not object to the sentence when it was pronounced and did not file
a motion for new trial attacking the sentence, he asserts that Ato the extent this complaint was not preserved, [A]ppellant asks the
Court to address it in the interests of justice,@ citing Butler v. State. 
872 S.W.2d 227, 237 (Tex. Crim. App. 1994), cert. denied, 513
U.S. 1157 (1995).








In Butler, the
appellant objected to hearsay evidence, even stating the reasons for his
objections; however, the Texas Court of Criminal Appeals held that by not
actually mentioning the word Ahearsay,@ he was not
specific enough in his request.  See
id.  The court nevertheless addressed
the appellant=s argument
in the interest of justice despite the appellant=s failure to properly preserve error. 
See id.  In this case,
Appellant failed to object at all to his sentence at trial.  Thus, the reasoning in Butler is
inapplicable here.  See id.  Because Appellant failed to preserve error,
we overrule his sole issue and affirm the trial court=s judgment.[3]

 

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 11, 2007

 

 

 

 

 

 











[1]See Tex.
R. App. P. 47.4.





[2]Appellant does not raise a
constitutional complaint that his sentence constitutes cruel and unusual punishment.





[3]Moreover, there was ample evidence
supporting the trial court=s decision, including witness testimony and Appellant=s testimony that he did not comply
with all the conditions of his community supervision, and the sentence was well
within the permissible statutory limit of two to twenty years= confinement.  See Tex.
Penal Code Ann. '' 12.33 (Vernon 2003),
22.011(a)(2)(A) (Vernon Supp. 2006).