**AFFIRMED as MODIFIED and Opinion Filed March 1, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00094-CR**
**No. 05-20-00095-CR**
**No. 05-20-00096-CR**
**No. 05-20-00097-CR**

**PAUL TERRY WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-59009-N; F18-59010-N;**
**F18-45682-N; and F19-52772-N**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

While on probation for multiple offenses, Paul Terry Williams was charged with burglary of a habitation. After a jury convicted him of the offense, the trial court imposed a fifteen-year prison sentence, revoked his probation in the earlier offenses, and assessed punishment in those cases.

Appellant brings a single issue in each appeal, asserting that his sentences violate the objectives of prohibitions, penalties, and correctional measures of the Texas Penal Code. In a single cross-point, the State asks this Court to modify the

judgment in the burglary case to reflect that the trial court assessed the sentence. For reasons set out below, we overrule appellant's issues and sustain the State's cross-issue. We modify the judgment in Cause No. 05-20-00097-CR and affirm as modified; we affirm the judgments in the remaining causes.

FACTUAL BACKGROUND

On February 22, 2019, as part of a plea bargain agreement, appellant pleaded guilty to obstruction or retaliation (Cause No. 05-20-00094-CR), fraudulent use or possession of fifty or more items of identifying information (Cause No. 05-20-00095-CR), and credit card or debit card abuse (Cause No. 05-20-00096-CR). In each case, the trial court accepted appellant's plea, deferred a finding of guilt, and placed appellant on probation for three years.

Two weeks later, appellant was arrested for burglary of a habitation after he was identified as the man who entered a woman's apartment, told her he had a gun, and demanded her cell phone. Soon after, the State filed a motion to revoke his probation and proceed with adjudications of guilt, alleging commission of the new offense as a probation violation.

At the burglary trial, Erianysha Carter testified she and her infant son were alone in her apartment when appellant entered, told her he had a gun, and warned her not to say anything or he would kill her and her child. Appellant demanded her cell phone, and Carter gave him her purse, which contained the phone, several hundred dollars in cash, and her identifying information. She told him that was all

–2–

she had and asked him to leave. As he walked out the door, appellant told her to "remember, I know who you are." Carter testified she thought appellant was going to kill her.

Her boyfriend arrived minutes later, and she called the police. While waiting for them to arrive, she remembered she could track her phone. She and her boyfriend tracked the phone to a nearby restaurant and went there. Appellant, who was seated in a corner, got up and approached the couple. An altercation ensued that continued outside. When the police arrived, they separated the parties and determined that Carter was the victim in the prior burglary call. The police searched appellant and found a large amount of cash, credit cards, cell phones, phone chargers, headphones, and jewelry. Carter's cell phone, which had a picture of her and her son on the home screen, was also in his possession. Appellant was arrested at the scene.

After hearing the evidence, the jury convicted appellant. Appellant elected for the trial court to assess punishment. The State presented evidence of appellant's twenty-four previous misdemeanor or state jail felony convictions on primarily theft and criminal trespass charges. In addition, Carter testified about how the incident had affected her life. She said she immediately moved from the apartment and returned to her old home. She said an aunt moved in with her because she could not sleep. She also testified that she changed careers because she has anxiety attacks from large crowds and never feels safe.

Appellant's mother and sister testified on his behalf and explained that appellant had been diagnosed with bipolar disorder as a child and later with schizophrenia. They testified that when he takes his medications, he "does all right" and is "pretty normal" but once he "feels like he's doing better," he stops taking them and "it's not good." His mother said appellant had been in psychiatric facilities before but was not kept long enough to be of help to him. Both believed appellant would benefit from a psychiatric facility more than prison, and testified he had not had the opportunity to learn coping skills, to take his medications, and to get appropriate counseling. The State, however, pointed to evidence showing that while on probation in 2012, appellant failed to participate in the Atlas Mental Health Program as required by the conditions of his probation. Additionally, evidence showed that he was required to participate in psychological/psychiatric treatment counseling part of his current probation.

After hearing the evidence presented, the trial court revoked appellant's probation in each case and found him guilty of each offense. The court then assessed concurrent sentences of fifteen years for burglary of a habitation; ten years for obstruction or retaliation; fifteen years for fraudulent use or possession of identifying information; and two years for credit card or debit card abuse. When imposing

punishment, the trial court specifically noted he took into account appellant's mental health and the fact that his prior criminal history did not include any "3g" offenses.[1]

ANALYSIS

In each appeal, appellant argues that the trial court abused its discretion in sentencing him to prison because the sentence violates the penal code objectives of deterrence, rehabilitation, and prevention. *See* TEX. PENAL CODE ANN. § 1.02. In particular, he asserts his sentence does not meet the objective of rehabilitation or address his mental health problems and is merely punitive. Appellant asserts he had been on probation for only two weeks prior to committing the burglary and his probation was to have been supervised by the mental health department. He contends that there is "no reason" to believe that, if he had received "proper help" from mental health officials for a longer period of time, he would not have been successful on probation.

To preserve error relating to the propriety and severity of punishment, a defendant must object to the sentence in the trial court. TEX. R. APP. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). Here, appellant did

---

[1] The trial court's reference is to the offenses listed in section 3(g) of Article 42.12 of the Code of Criminal Procedure, which is now found at Article 42A.054(a). *See* Act of May 26, 2015, 84th Leg.., R.S., ch. 770, §§ 1.01, 3.01, 2015 Tex. Gen. Laws 2321, 2321–65, 2395 (H.B. 2299) (eff. Jan. 1, 2017) (enacting nonsubstantive revisions of certain community supervision laws, including addition of Chapter 42A and repeal of Article 42.12).

not object to the propriety or severity of his concurrent sentences. Nor did he complain about the sentences in a motion for new trial. And, when asked by the trial court if there was any "legal reason" that sentence could not be pronounced, he indicated there was not.

Appellant nevertheless asserts that he did not need to object because it was apparent from the record that he wanted to be continued on probation. None of the cases relied upon by appellant support his contention that simply because a defendant may have expressed a desire for probation, he need not object on the ground he advances here. Moreover, to the extent he argues the federal case of *Holquin-Hernandez v. United States*, 140 S. Ct. 762 (2020), supports his position, we are unpersuaded for the reason previously explained by this Court. *See Briggs v. State*, No. 05-19-01310-CR, 2020 WL 6268480, at *3 n.3 (Tex. App.—Dallas Oct. 26, 2020, no pet.) (mem. op.) (not designated for publication). We conclude appellant has failed to preserve this argument for review.

Even if appellant had preserved his issue, reversal would not be warranted. We give a great deal of discretion to a trial judge's determination of the appropriate punishment in any given case. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Moreover, the general rule is that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Id.*

Here, appellant concedes—and the law supports—that his sentences are within the statutorily authorized range. Burglary of a habitation as charged here is

a second-degree felony, punishable by a term of two to twenty years in prison and up to a $10,000 fine. *See* TEX. PENAL CODE ANN. §§ 30.02(c)(2) (burglary of habitation); 12.33 (second-degree felony punishment). Fraudulent use or possession of fifty or more items of identifying information is a first-degree felony, punishable by a term of five to ninety-nine years or life in prison and up to a $10,000 fine. *See id.* §§ 32.51(c)(4) (fraudulent use or possession of identifying information); 12.32 (first-degree felony punishment). Obstruction or retaliation is a third-degree felony, punishable by a term of two to ten years in prison and up to a $10,000 fine. *See id.* §§ 36.06(c) (obstruction or retaliation); 12.34 (third-degree felony punishment). And credit card or debit card abuse is a state-jail felony, punishable by 180 days to two years in a state jail and a fine up to $10,000. *See id.* §§ 32.31(d) (credit card or debit card abuse); 12.35 (state jail felony punishment). Moreover, we note that the trial judge expressly stated on the record that he considered appellant's mental health issues when determining a sentence. The court, however, also had before it appellant's refusal in 2012 to participate in the mental health services as well as the circumstances of the burglary offense, Carter's testimony regarding the impact this offense has had on her life, and appellant's prior criminal history. Accordingly, even if appellant had preserved his issue for review, we cannot conclude the trial court abused its discretion in imposing the sentences it did. *See* TEX. PENAL CODE ANN. § 1.02(1)(A), (C) (recognizing objectives of deterrence and of punishment as may

–7–

be necessary to prevent likely recurrence of criminal behavior). We overrule appellant's issue in each case.

STATE'S CROSS-ISSUE

In a cross-issue, the State asks that we modify the judgment to correct an error in the judgment in Cause No. 05-20-00097-CR, the burglary conviction. The judgment reflects that the jury assessed punishment, but the record shows that the trial court assessed punishment. We have the authority to correct a judgment below to make a record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment in Cause No. 05-20-00097-CR to reflect that the trial court assessed punishment.

We affirm as modified the judgment in Cause No. 05-20-00097-CR and affirm the judgments in the remaining causes.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2

200094F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

PAUL TERRY WILLIAMS,
Appellant

No. 05-20-00094-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-59009-N.
Opinion delivered by Justice
Reichek; Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered March 1, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PAUL TERRY WILLIAMS,
Appellant

No. 05-20-00095-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-59010-N.
Opinion delivered by Justice
Reichek; Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered March 1, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PAUL TERRY WILLIAMS,
Appellant

No. 05-20-00096-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-45682-N.
Opinion delivered by Justice
Reichek; Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered March 1, 2021



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL TERRY WILLIAMS,
Appellant

No. 05-20-00097-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-52772-N.
Opinion delivered by Justice
Reichek; Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect that punishment was assessed by the trial court.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered March 1, 2021