

# NUMBERS 13-23-00051-CR, 13-23-00052-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MATTHEW HINOJOSA,**                                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                           **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina

In appellate cause number 13-23-00051-CR, appellant Matthew Hinojosa pleaded guilty to two counts of aggravated assault with a deadly weapon, *see* TEX. PENAL CODE ANN. § 22.02, offenses enhanced from a second-degree felony to a first-degree felony by Hinojosa's prior criminal history, *see id.* § 12.42. For these offenses, Hinojosa was sentenced to fifteen years' incarceration. In appellate cause number 13-23-00052-CR,

Hinojosa pleaded guilty to unlawful possession of a firearm by a felon, *see id.* § 46.04, a third-degree felony, *see id.* § 12.42. Hinojosa was sentenced to ten years' incarceration. These sentences are concurrent. Hinojosa was placed on deferred adjudication. By a single issue in both appellate causes, Hinojosa argues that his sentences constitute cruel and unusual punishment. We affirm.

## I.  BACKGROUND

On August 17, 2022, Hinojosa pleaded guilty to all three counts in both indictments. He was placed on deferred adjudication community supervision for a period of ten years for the aggravated assault with a deadly weapon counts. Hinojosa was convicted and sentenced to ten years' imprisonment for the unlawful possession of a firearm charge, which was probated for ten years. As part of the plea agreement, Hinojosa agreed to a "zero-tolerance" supervision, i.e., there was no leeway if he violated any terms or conditions of his community supervision.

On November 2, 2022, the State filed a motion to revoke community supervision and to adjudicate guilt, alleging Hinojosa tested positive for cocaine, failed to abide by a zero-tolerance policy, failed to pay restitution, failed to pay community supervision fees, and failed to pay crime stoppers' fees.

On January 10, 2023, the trial court held a hearing on the State's motion to revoke community supervision. Hinojosa pleaded true to all of the State's allegations. Hinojosa explained to the trial court that he was addicted to cocaine before he went to prison and one month before Hinojosa was released, he lost his father. Hinojosa asserted that due to the tough situation, he "made a stupid decision to violate" his probation when he opted

2

to use cocaine and to be around alcohol. Hinojosa testified that he understood there was no leeway with his zero-tolerance supervision.

The State presented Kristen Jamison, a community supervision officer. Jamison explained that Hinojosa was a registered sex offender, had previously been in prison for sexual assault of a child, and was also convicted of a state-jail felony. Regarding the aggravated assault cases, the State explained that Hinojosa "pistol whipped" his girlfriend and another victim. Hinojosa's girlfriend suffered head injuries and was in the hospital for a number of days. According to the State, Hinojosa hid the pistol in his attic. The State requested that the trial court sentence Hinojosa to the maximum sentence in both causes because Hinojosa was on zero-tolerance community supervision for only one month before violating the terms of his supervision.

The trial court accepted Hinojosa's pleas of true, revoked Hinojosa's community supervision in both causes, and sentenced him to fifteen years' incarceration for the aggravated assault with a deadly weapon offenses. This sentence was to be served concurrently with his ten-year sentence for unlawful possession of a firearm.

## II.     PUNISHMENT

By his sole issue, Hinojosa asserts that the sentence imposed was disproportionate to the seriousness of the alleged offenses in violation of the Eighth and Fourteenth Amendments. Hinojosa recognizes that "an appeal prefaced on the grounds of disproportionate punishment may be frivolous," but states that he has "raised this specific issue to ensure that there was no waiver of an anticipatory claim of disproportionate punishment in Federal Court."

3

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that a sentence will most likely not be overturned on appeal if it is assessed within the legislatively determined range).

"Excessive bail shall not be required, nor excessive fines, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that the appellant's argument that the sentence imposed was grossly disproportionate to the offense had not been preserved due to the appellant's failure to object at trial); *see Mercado v. State,* 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *see also Maza*

4

*v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op., not designated for publication) (prohibiting the appellant from making his Eighth Amendment violation argument for the first time on appeal because the argument was not preserved as he did not object on that basis in the trial court); *Martinez v. State*, No. 13-02-508-CR, 2003 WL 22681385, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication) (same). To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

However, Hinojosa neither objected when the trial court pronounced the sentence nor complained in any post-trial motion that the sentence was excessive, disproportionate, or violated the Eighth or Fourteenth Amendments. *See id.* Therefore, Hinojosa has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Hinojosa preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928. The fifteen years' imprisonment sentence was within the statutory range, which had been elevated due to his repeat felony offender status. *See* TEX. PENAL CODE ANN. § 12.42. Furthermore, the ten-year prison sentence was also within the statutory range. Therefore, because Hinojosa failed to object to the sentence and the sentences are within the punishment

range, we overrule Hinojosa's sole issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

### III.  CONCLUSION

We affirm the judgments of the trial court.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of July, 2023.